J-S13033-22

2022 PA Super 74

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TODD MICHAEL REDMOND | : | |
| | : | |
| Appellant | : | No. 1226 MDA 2021 |

Appeal from the Judgment of Sentence Entered August 16, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004038-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TODD MICHAEL REDMOND | : | |
| | : | |
| Appellant | : | No. 1227 MDA 2021 |

Appeal from the Judgment of Sentence Entered August 16, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003260-2020

BEFORE:   STABILE, J., KING, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                    **FILED APRIL 21, 2022**

Appellant, Todd Michael Redmond, appeals from the August 16, 2021, judgment of sentence entered in the Court of Common Pleas of York County following his open guilty plea at lower court docket number CP-67-CR-0004038-2018 ("4038-2018") to one count of DUI while BAC .02 or greater-

---

* Former Justice specially assigned to the Superior Court.

third offense, one count of DUI-controlled substance, and one count of habitual offenders,[1] as well as at lower court docket number CP-67-CR-0003260-2020 ("3260-2020") to one count of DUI-general impairment-fourth or subsequent offense, possession of a controlled substance, and driving while operating privilege is suspended or revoked.[2]

Additionally, Appellant's counsel has filed a petition seeking to withdraw his representation, as well as a brief pursuant to ***Anders v. California***, 386 U.S. 738, 87 S.Ct. 1396 (1967), and ***Commonwealth v. Santiago***, 602 Pa. 159, 978 A.2d 349 (2009) (hereinafter "***Anders*** brief"). After a careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The relevant facts and procedural history are as follows: On June 10, 2021, Appellant, who was represented by counsel, proceeded to a hearing at which he entered an open guilty plea to the charges at both docket numbers indicated *supra*. Appellant confirmed he could read, write, and understand the English language. N.T., 6/10/21, at 4. He also confirmed no one had threatened, coerced, or promised him anything in exchange for his pleas. ***Id.*** at 4-5. He acknowledged he had the right to a jury trial at which the

---

[1] 75 Pa.C.S.A. § 1543(b)(1)(1.1)(ii), 75 Pa.C.S.A. § 3802(d)(3), and 75 Pa.C.S.A. § 6503.1, respectively.

[2] 75 Pa.C.S.A. § 3802(a)(1), 35 P.S. § 780-113(a)(16), and 75 Pa.C.S.A. § 1543(b)(1.1)(ii), respectively.

Commonwealth would have the burden to prove, beyond a reasonable doubt, that he committed the charged offenses, and Appellant would have the opportunity to present evidence in his defense. *Id.* at 5. Appellant indicated it was his desire to waive his right to a trial and enter pleas of guilty. *Id.* Moreover, Appellant completed a written guilty plea colloquy as to both docket numbers.

With regard to the facts underlying the plea, at lower court docket number 4038-2018, Appellant indicated that, on May 28, 2018, he was driving with a suspended driver's license, DUI related, while under the influence of alcohol and marijuana. *Id.* at 6. He admitted the alcohol and marijuana impaired his ability to drive safely. *Id.* He acknowledged that he is a habitual offender. *Id.* at 7.

With regard to lower court docket number 3260-2020, Appellant indicated that, on June 10, 2020, he was driving while intoxicated with a suspended driver's license, DUI related. *Id.* He acknowledged he had in his possession liquid marijuana and crack cocaine when the police stopped his vehicle. *Id.* He admitted the alcohol he consumed prior to driving rendered him incapable of safe driving. *Id.* at 8.

The trial court determined Appellant knowingly, voluntarily, and intelligently waived his right to a trial, and the trial court accepted Appellant's guilty pleas. *Id.* at 11-12. The trial court ordered a pre-sentence investigation report.

On August 16, 2021, Appellant proceeded to a sentencing hearing at which he was represented by counsel. At the hearing, defense counsel informed the trial court that Appellant acknowledges he has a drinking problem. N.T., 8/16/21, at 4. Defense counsel admitted Appellant has a lengthy history of DUI; however, defense counsel suggested that, over the course of Appellant's latest incarceration, Appellant has learned that he needs to develop skills to stop drinking and driving. *Id.* at 4-5. Defense counsel informed the trial court that Appellant has been employed in the prison kitchen, he reads the Bible, and he completed Thinking for a Change. *Id.* at 5.

Appellant made a statement to the trial court. Specifically, he informed the trial court that, by reading books, he has gotten it through his "thick skull" that he has to stop drinking. *Id.* He admitted he has been drinking alcohol throughout his life, and it is time for him to make a change. *Id.* To this end, he has learned he is "triggered" to drink when he "hangs around with old friends[,]" and, thus he is going to "find new ones[.]" *Id.* at 6. Appellant admitted he puts other people's lives at risk when he drinks and drives, and he attributed it to "stupidity" on his part. *Id.* Appellant acknowledged the best approach is for him to stop drinking. *Id.* at 7.

In response, the Assistant District Attorney ("ADA") suggested that, given the many DUI offenses Appellant has had in ten years, and his driver's license is suspended until at least 2028, Appellant's indication he has learned

his lesson is insincere. *Id.* at 8. Specifically, the ADA indicated "[i]f he did not understand the problems he had before [the latest offenses], the fact that it's taken him this long makes me very suspect if he has actually learned anything at all[.]" *Id.* The ADA asked for a lengthy state sentence on the DUI offenses. *Id.*

The trial court acknowledged it reviewed the pre-sentence investigation report. *Id.* at 9. The trial court indicated Appellant is a single male with one dependent, he has a history of DUI offenses, and he has an "abysmal record" of driving with a suspended license. *Id.* The trial court noted Appellant has an eighth-grade education and never obtained his GED. *Id.* At the time of his most recent arrest, Appellant was employed at Redmond's Construction, and he has been incarcerated since June 10, 2020. *Id.* at 9-10. Accordingly, the trial court determined Appellant was entitled to 433 days of credit for time served. *Id.* at 10.

The trial court indicated Appellant has a prior record score of five, and he has a history of substance abuse, as well as alcohol abuse. *Id.* The trial court acknowledged receiving a letter from Appellant wherein Appellant indicated he understands the seriousness of his alcohol abuse problem, and he desired leniency. *Id.* at 11. The trial court then imposed sentence "[b]ased on [Appellant's] history and all the factors we're required to consider[.]" *Id.*

Specifically, at lower court docket number 4028-2018, the trial court sentenced Appellant to six months to twelve months in prison for DUI while

BAC .02 or greater, and one year to two years for DUI-controlled substance, the sentences to run consecutively. The trial court also imposed a concurrent sentence of six months to twelve months in prison for habitual offenders.

At lower court docket number 3260-2020, the trial court sentenced Appellant to two years to five years in prison for DUI-general impairment-fourth or subsequent offense, six months to twelve months in prison for possession of a controlled substance, and six months to twelve months in prison for driving while operating privilege is suspended or revoked. The sentences were imposed concurrently to each other but consecutively to the sentence imposed at docket number 4028-2018.

Appellant filed a timely counseled post-sentence motion at both docket numbers, and the trial court denied the motions on August 20, 2021. Appellant filed a separate counseled notice of appeal at each docket number on September 17, 2021.[3] The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement, Appellant timely complied, and the trial court filed a responsive Rule 1925(a) opinion.

On February 18, 2022, counsel filed in this Court a petition seeking to withdraw his representation, as well as an **Anders** brief. Appellant filed no further submissions either *pro se* or through privately retained counsel.

---

[3] This Court consolidated the appeals.

Prior to addressing any issue raised on appeal, we must first resolve counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). In addition, our Supreme Court in *Santiago* stated that an *Anders* brief must:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 602 Pa. at 178-79, 978 A.2d at 361. Counsel also must provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349,

- 7 -

353 (Pa.Super. 2007) (citation omitted). Substantial compliance with the *Anders* requirements is sufficient. *See id.*

Herein, counsel filed a petition to withdraw as counsel and an *Anders* brief. His brief and petition substantially comply with the technical requirements of *Anders* and *Santiago*. Moreover, counsel has provided this Court with a copy of the letter, which he sent to Appellant advising him of his right to retain new counsel, proceed further with his case *pro* se, and raise any points that he deems worthy of this Court's attention. *See Commonwealth v. Millisock*, 873 A.2d 748 (Pa.Super. 2005). Therefore, we proceed to examine the issues counsel identified in the *Anders* brief and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Commonwealth v. Yorgey*, 188 A.3d 1190, 1195 (Pa.Super. 2018) (*en banc*) (quotation omitted).

In the *Anders* brief, counsel sets forth the following issue: "Whether the sentencing court abused its discretion when it sentenced [Appellant] to serve consecutive sentences?" Appellant's Brief at 4. Appellant avers the trial court erred when it ordered the sentence at 3260-2020 to run consecutively to the sentence imposed at 4028-2018. In this vein, Appellant contends the trial court failed to consider the mitigating circumstances or Appellant's rehabilitative potential in imposing the sentences consecutively. Appellant suggests the imposition of the sentence at 3260-2020 concurrently to the

sentence at 4028-2018, and with a focus on treatment, would have satisfied Appellant's rehabilitative needs as set forth under 42 Pa.C.S.A. § 9721(b).

Appellant's issues present a challenge to the discretionary aspects of his sentence. "[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa.Super. 2016) (citation omitted). Rather, before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa.Super. 2011) (citation omitted). Here, assuming, *arguendo*, all of these requirements have been met, we conclude Appellant's sentencing issue is meritless.

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa.Super. 2005).

- 9 -

42 Pa.C.S.A. § 9721(b) offers the following guidance to the trial court's sentencing determination:

> [T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

Furthermore,

> Section 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable." 42 Pa.C.S.A. § 9781(c). Under 42 Pa.C.S.A. § 9781(d), the appellate courts must review the record and consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines. The weighing of factors under 42 Pa.C.S.A. § 9721(b) is exclusively for the sentencing court, and an appellate court may not substitute its own weighing of those factors. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the sentence was nonetheless unreasonable for sentences falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S.A. § 9781(c).

*Commonwealth v. Bricker*, 41 A.3d 872, 875-76 (Pa.Super. 2012) (citations omitted).

> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. Where pre-sentence reports exist, we shall…presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory

factors.

***Commonwealth v. Antidormi***, 84 A.3d 736, 761 (Pa.Super. 2014) (quotation marks and quotation omitted).

Moreover, we note the "imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court." ***Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa.Super. 2013) (citation omitted). It is well-accepted "in imposing a sentence, the trial [court] may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed." ***Commonwealth v. Wright***, 832 A.2d 1104, 1107 (Pa.Super. 2003).

In the case *sub judice*, the trial court "sentenced [Appellant] within the standard range for each of the sentences it imposed." ***Anders*** brief at 15. Considering the history of Appellant jeopardizing the safety of innocent people by his repeated violations of the law, the sentence may well have been in the aggravated range. The record reveals that the trial court imposed an individualized sentence consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of Appellant. 42 Pa.C.S.A. § 9721(b).

As indicated *supra*, the trial court heard Appellant's latest assertion that he intends to stop drinking, as well as the evidence of Appellant's participation in prison programs, education, and employment history. In addressing

Appellant's challenge to the trial court's imposition of the sentence at 3260-2020 consecutively to the sentence at 4038-2018, the trial court indicated:

> [Appellant's] DUIs, from both dockets, were his third and fourth DUIs within ten (10) years; [Appellant's] third (b)(1.1) DU[I]; and [Appellant's] third habitual offender charge. [Appellant's] license is suspended to at least 2028. [The trial court] noted [Appellant's] abysmal record of driving while suspended, as well as acknowledged [Appellant] has been classified by PennDOT as a habitual offender. [Appellant] has a prior record of five (5). [Appellant] has a history of substance abuse, including [the] use of marijuana, cocaine, methamphetamine, and alcohol. [Appellant] has a serious substance abuse problem ranging from different types of alcohol and drugs. [Appellant's] greatest battle, in terms of longevity, is alcohol, as he reported that between the ages of forty-five (45) to forty-nine (49), he was drinking a 12 pack of beer a day.
>
> [The trial court] took all these factors, as well as the information contained within the [pre-sentence investigation report] when fashioning a sentence for [Appellant]. [Appellant] has the opportunity in state prison to be considered for the state drug treatment program. The Commonwealth waived any ineligibility. Thus, [Appellant's] rehabilitative needs can again be assessed and addressed while he serves his sentence in an SCI. Therefore, the [trial court] gave careful consideration to all sentencing factors, the sentence imposed is appropriate, and there was no abuse of discretion.

Trial Court Opinion, filed 11/5/21, at 15-17 (citations to record omitted).

We find no abuse of discretion in this regard. While Appellant requests this Court weigh the sentencing factors differently than the trial court, as indicated *supra*, "[t]he weighing of factors under 42 Pa.C.S.A. § 9721(b) is exclusively for the sentencing court, and an appellate court may not substitute its own weighing of those factors." ***Bricker***, 41 A.3d at 876. The trial court

provided ample reasons for imposing the sentence at 3260-2020 consecutively to the sentence at 4038-2018.

After examining the issues contained in the **Anders** brief, we agree with counsel that the appeal is wholly frivolous.  "Furthermore, after conducting a full examination of all the proceedings as required pursuant to **Anders**, we discern no non-frivolous issues to be raised on appeal."  **Yorgey**, 188 A.3d at 1195.  Thus, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw as counsel granted.  Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/21/2022