J-S10024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOLLY S. HENDRICKES | : | |
| | : | |
| Appellant | : | No. 1431 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 15, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0006007-2019

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                **FILED: JULY 15, 2022**

Dolly S. Hendrickes appeals from the judgment of sentence of life without the possibility of parole imposed on her conviction for first-degree murder. Counsel has filed a Motion to Withdraw and an ***Anders***[1] brief. We grant counsel leave to withdraw and affirm the judgment of sentence.

We need not recite the underlying facts at length. In sum, a jury convicted Hendrickes after hearing evidence, including testimony from three eye-witnesses, which established that she had killed her boyfriend by running him over with her car. ***See*** Trial Court Opinion, filed December 22, 2021, at 2-6. The court sentenced her to life without the possibility of parole and denied her post-sentence motion.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***Anders v. California***, 386 U.S. 738 (1967).

Hendrickes filed a notice of appeal. The court ordered her to file a concise statement of errors. *See* Pa.R.A.P. 1925(b). In her statement, Hendrickes raised (1) a challenge to the sufficiency of the evidence to support first degree murder, alleging the evidence supported a heat of passion defense, and (2) the constitutionality of her sentence, alleging that a life sentence without the possibility of parole violates the Pennsylvania Constitution's prohibition against cruel punishments by presuming an offender is incapable of rehabilitation.

As stated above, defense counsel has filed a Motion to Withdraw and an *Anders* brief. We must examine the request to withdraw before we assess the *Anders* brief. *Commonwealth v. Redmond*, 273 A.3d 1247, 1252 (Pa.Super., Apr. 21, 2022). The application to withdraw must state that, "after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." *Id.* (quoting *Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*)). Counsel must also advise the defendant that she "has the right to retain private counsel or raise additional arguments that [she] deems worthy of the court's attention." *Id.* (quoting *Cartrette*, 83 A.3d at 1032).

Finally, counsel must provide the defendant and this Court with an *Anders* brief, which must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.

> Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (quoting ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009)).

Counsel's Motion states that he has examined the record and concluded that the appeal is frivolous. In the ***Anders*** brief, counsel explains his conclusions that the appeal is frivolous and that a sentence of life without the possibility of parole does not violate the Pennsylvania Constitutions' prohibition on cruel punishment. He includes ample citation to relevant authority and the facts of record. In his letter to Hendrickes, counsel informed her of her right to obtain new counsel or raise any issues before this Court in response to his assertion of frivolousness. Counsel has met all procedural and briefing requirements. ***See id.*** We now turn to our own consideration of the case.

Regarding the sufficiency of the evidence, counsel in the ***Anders*** brief explains that here, the jury was presented with two versions of events. In the Commonwealth's case, an eyewitness testified that the victim got out of the car and Hendrickes turned vehicle towards him and ran him over. Police officers at the scene testified that Hendrickes was cool, calm, and collected. In contrast, according to Hendrickes' testimony, there was a physical altercation in the car during which the victim threatened to cut her with a box cutter, and when he got out of the car, she ran him over without thinking. Counsel explains that the jury was permitted to believe the Commonwealth's witness and not Hendrickes. He further points out that a heat-of-passion

defense, seeking a voluntary manslaughter verdict, was unavailable because the altercation had ended, the victim had gotten out of the car and was walking away when struck, and Hendrickes had time to cool off. **See Commonwealth v. Sanchez**, 82 A.3d 943, 979-80 (Pa. 2013). We agree that there is no basis in law or fact on which to challenge the verdict here.

Hendrickes' sentencing issue is also frivolous. The legislature has mandated that a court shall sentence an adult convicted of first-degree murder to death or life imprisonment without parole. **See** 18 Pa.C.S.A. § 1102(a)(1). A mandatory sentence of life without parole, when imposed on an adult defendant, does not violate the Eighth Amendment on the basis that it precludes consideration of mitigating circumstances. **See Commonwealth v. Yount**, 615 A.2d 1316, 1321 (Pa.Super. 1992); **see also Commonwealth v. Waters**, 483 A.2d 855, 861 (Pa.Super. 1984) ("A mandatory life sentence, as established by the legislature, is clearly not cruel and unusual punishment for the crime of first-degree murder"). The Pennsylvania Constitution is coextensive with the federal Constitution on the point of cruel and unusual punishment. **See Commonwealth v. Yasipour**, 957 A.2d 734, 743 (Pa.Super. 2008). Therefore, the mandatory sentence also does not violate the Pennsylvania Constitution.

Hendrickes has not responded to counsel's **Anders** brief and withdrawal motion. Our independent review discloses no non-frivolous issues that would require an appeal. We therefore grant counsel's Motion to Withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Motion to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2022