J-S14006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JASON D. GOODWILL :
:
Appellant : No. 680 WDA 2021

Appeal from the Judgment of Sentence Entered May 10, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001070-2020

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: JULY 15, 2022**

Jason D. Goodwill appeals from the judgment of sentence imposed following his negotiated pleas of no contest to rape of a child and related crimes. Goodwill's counsel has filed a Petition for Leave to Withdraw and an **Anders**[1] brief. We affirm the judgment of sentence and grant counsel's Petition.

Goodwill pleaded no contest to two counts each of rape of a child, involuntary deviate sexual intercourse with a child, and corruption of minors, and one count each of endangering the welfare of children, and aggravated indecent assault of a child.[2] As part of the plea agreement, the Commonwealth

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).

[2] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 6301(a)(1)(ii), 4304(a)(1), and 3125(b).

agreed to *nolle pros* all other charges and recommend an aggregate sentence of 20 to 40 years' incarceration. Trial Court Opinion, filed July 26, 2021, at 1-2.

The court accordingly sentenced Goodwill to an aggregate of 20 to 40 years' incarceration. The sentence was comprised of two consecutive terms of 10 to 20 years' incarceration; five shorter, concurrent terms; and one additional, concurrent term of 10 to 20 years' incarceration. Each term fell in the standard range of the sentencing guidelines except for the concurrent term of 10 to 20 years' incarceration (for Aggravated Indecent Assault of a Child), which fell in the aggravated range of the sentencing guidelines. ***Id.*** at 2. Goodwill did not file any post-sentence motions but filed a timely notice of appeal.

As stated above, counsel has filed a Petition for Leave to Withdraw and an ***Anders*** brief. Goodwill has since filed multiple applications for relief. We granted several of the applications, allowing Goodwill extra time to file a response to the ***Anders*** brief and ordering counsel to provide a copy of the ***Anders*** brief and various other documents to Goodwill. ***See*** Orders, 11/5/21, 1/7/22, and 2/10/22. Counsel subsequently submitted a letter listing the documents she has mailed to Goodwill and verifying that no mail had been rejected or returned as undeliverable. ***See*** Letter, 2/16/22.

In his final application to the court, Goodwill complained that counsel provided him with the discovery documents, but not all of the docket filings, and requested we hold counsel in contempt for failing to comply with our

orders. **See** Application for Relief, 3/1/22. He further complained counsel had waived his trial court hearings without his consent and that his case involved issues regarding Rule 600 and nominal bail. **Id.** We denied the application without prejudice to Goodwill to argue his lack of access to pertinent documents in his response to counsel's petition to withdraw. **See** Order, 3/4/22. Goodwill has submitted no additional filings.

We must assess counsel's withdraw request before addressing any substantive issues. **Commonwealth v. Redmond**, 273 A.3d 1247, 1252 (Pa.Super. 2022). The application to withdraw must state that, "after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*). Counsel must also advise the defendant that he "has the right to retain private counsel or raise additional arguments that [he] deems worthy of the court's attention." **Id.** at 1032.

Counsel must also file an **Anders** brief that: (1) summarizes the facts of the case, (2) refers to anything in the record that might support an appeal, (3) sets forth the conclusion that an appeal would be frivolous, and (4) explain counsel's reasons for so concluding. **Id.** (citing **Commonwealth v. Santiago**, 349, 361 (Pa. 2009)). Counsel must furnish a copy of the brief to the appellant and advise the appellant of his right to retain private counsel or proceed *pro se* to raise additional arguments. **Id.**

Counsel has satisfied these requirements. The **Anders** brief sets forth a short summary of the facts, succinctly presents the sentencing issues Goodwill

wishes to raise, and explains the reasons counsel has concluded that the appeal is frivolous. By order of this Court, if not before, counsel has provided a copy of the **Anders** brief to Goodwill. Counsel's Petition for Leave to Withdraw states that she has communicated with Goodwill, has thoroughly reviewed "all available transcripts, pleadings, and other materials from the file," and has found the appeal to be wholly frivolous. Petition for Leave to Withdraw as Counsel, 10/7/21, at ¶ 2, 3, 6. Counsel's letter to Goodwill informed him of his right to retain new counsel or proceed *pro se* to raise any additional argument to the Court, and Goodwill's subsequent communications to this Court demonstrate that he understands this right. We therefore turn to whether any issues belie the alleged frivolousness of the appeal.

In the **Anders** brief, counsel poses Goodwill's issue as: "Whether [Goodwill's] sentence is manifestly excessive, clearly unreasonable and inconsistent with the objective of the Pennsylvania Sentencing Code[.]" **Anders** Br. at 4. In a Pa.R.A.P. 2119(f) statement, counsel states Goodwill argues his sentence falls within the guidelines but involves circumstances where the application of the guidelines would be clearly unreasonable and because the court failed to consider the appropriate sentencing factors. **Id.** at 8 (quoting 42 Pa.C.S.A. § 9781(c)(2) and § 9721(b)). In the argument section of the brief, counsel states that Goodwill contends his sentence "was inappropriate given all of the mitigating factors presented to the trial court during sentencing, [Goodwill's] young age, his education level, his ability to

contribute and be a productive member of society and his rehabilitative potential." *Id.* at 10.

We agree that an appeal challenging the discretionary aspects of Goodwill's sentence would be wholly frivolous. Such issues must be presented to the trial court, either at sentencing or in a post-sentence motion, to be preserved for appeal. *See Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*). Goodwill did not raise any sentencing issues before the trial court at the sentencing hearing or in a post-sentence motion. The issues related to the discretionary aspects of his sentence are therefore waived for purposes of direct appeal. *Cartrette*, 83 A.3d at 1042.

Goodwill's Pa.R.A.P. 1925(b) statement included one other issue: that Goodwill's trial date was not continued despite a request of defense counsel. In his filings following the *Anders* brief, Goodwill raised additional issues regarding pre-trial hearings, Rule 600, and bail. Goodwill waived these issues by pleading no contest. *See Commonwealth v. Brown*, 240 A.3d 970, 972 (Pa.Super. 2020) (stating that an open guilty plea waives all issues other than the jurisdiction of the court, the validity of the guilty plea, the legality of the sentence, and the discretionary aspects of the sentence).

Our review of the record discloses no other issues that could provide a basis for a non-frivolous appeal. We therefore grant counsel's Petition for Leave to Withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition for Leave to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2022