J-S14007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                    PENNSYLVANIA
:
v.                      :
:
:
:
THOMAS K. BAKER, SR.            :
:
Appellant        :      No. 783 WDA 2021

Appeal from the Judgment of Sentence Entered March 29, 2021
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000549-2020

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: August 3, 2022**

Thomas K. Baker, Sr., appeals from the judgment of sentence entered

after he pleaded guilty to failure to comply with registration requirements.

**See** 18 Pa.C.S.A. § 4915.2(a)(1). Baker's counsel has filed a Petition for Leave

to Withdraw as Counsel and an **Anders** brief.[1] We affirm the judgment of

sentence and grant counsel's Petition.

Baker, a convicted sex offender, entered a negotiated plea of guilty to

one count of failure to register, a third-degree felony. In exchange, the

Commonwealth agreed to recommend a two-year minimum sentence. Trial

Court Opinion, 12/29/21, at 1. Baker acknowledged that the Commonwealth

would recommend a two-year minimum sentence during his guilty plea

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).

hearing. **See** N.T., 12/20/20, Guilty Plea Hearing, at 3. The Plea Agreement Form also specified that the Commonwealth would recommend a two-year minimum sentence. **See** Plea Agreement Form, 12/17/20, at 1.

At the sentencing hearing, the Commonwealth argued that Baker's registration had lapsed for approximately six months before the police located Baker. N.T., Sentencing Hearing, 3/29/21, at 6. The court stated it had been informed by a pre-sentence investigation report ("PSI") and observed that Baker had previously been convicted of failure to register. **Id.** at 2, 5, 9. The court sentenced Baker to two to seven years' incarceration, as the Commonwealth recommended in accordance with the plea agreement.

Baker filed a post-sentence motion arguing that his sentence is manifestly excessive and clearly unreasonable. The court denied the motion. After obtaining leave via the Post Conviction Relief Act to file a *nunc pro tunc* notice of appeal, Baker appealed.

As stated above, Baker's counsel has filed an **Anders** brief and Petition for Leave to Withdraw as Counsel. We must assess counsel's withdraw request before deciding whether the appeal is wholly frivolous. **Commonwealth v. Redmond**, 273 A.3d 1247, 1252 (Pa.Super. 2022).

Counsel seeking to withdraw must petition the Court for leave to do so, asserting that "after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." **Id.** (quoting **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*)). Counsel must also file an **Anders** brief in which counsel (1)

summarizes the facts of the case, (2) refers to anything in the record that might support an appeal, (3) sets forth the conclusion that an appeal would be frivolous, and (4) explains counsel's reasons for so concluding. *Id.* (citing *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009)). Counsel must furnish a copy of the brief to the appellant and advise the appellant of his right to retain private counsel or proceed *pro se* to raise additional arguments. *Id.*

Counsel's petition states she has reviewed all available transcripts, pleadings, and other materials from the file, has communicated with Baker, and has concluded the appeal is wholly frivolous. Counsel's *Anders* brief discusses the facts and procedural history of the case, summarizes the issue Baker wishes to raise, and sets forth counsel's reasons for concluding the appeal is frivolous. Counsel's letter to Baker states she enclosed a copy of the *Anders* brief and advises him of his right to retain new counsel or act on his own behalf, raising additional points to this Court. Counsel has met the above requirements, and we therefore turn to whether the appeal is, as counsel alleges, wholly frivolous.

The *Anders* brief presents one issue: "The sentence imposed in this case was manifestly abusive and clearly unreasonable in that it failed to take into account the fact that [Baker's] offense was not a crime of violence, but rather a crime of failure to report." *Anders* Br. at 3. Counsel explains that Baker believes his sentence was unduly harsh because his crime did not involve direct harm to any individual. *Id.* at 8. According to counsel, Baker argues his issue raises a substantial question that his sentence is inappropriate

- 3 -

under the Sentencing Code[2] because "[a] lighter sentence, with a lesser period of confinement, could achieve the goals of the protection of the public and the rehabilitative needs of [Baker]." *Id.* at 5-6. Baker argues the court should have imposed a "county sentence" so that he "could have been supervised and participated in various programs for sex offenders[.]" *Id.* at 7. Baker claims he did not deliberately fail to register as a sex offender but had trouble finding a place to live due to his criminal history, was moving at the time he was required to register, could not find a notary, and was impeded by the Covid-19 pandemic. *Id.*

We agree that an appeal premised on the discretionary aspects of Baker's sentence would be wholly frivolous. We review a sentence for an abuse of discretion, such as where the application of the Sentencing Guidelines would be clearly unreasonable. *See Commonwealth v. Rominger*, 199 A.3d 964, 970 (Pa.Super. 2018); 42 Pa.C.S.A. § 9781(c)(2). Even assuming Baker's allegations pose a substantial question that his sentence is not appropriate under the Sentencing Code,[3] there is no reasonable basis in the record on which to argue that the trial court abused its discretion, for the following reasons.

---

[2] Counsel has provided a statement in accordance with Pa.R.A.P. 2119(f).

[3] We do not entertain an appeal based on the discretionary aspects of a sentence unless the issue raises a substantial question that the sentence is inappropriate under the Sentencing Code. *Commonwealth v. Radecki*, 180 A.3d 441, 467 (Pa.Super. 2018).

First, Baker's argument that his sentence was not individualized is frivolous. Because the court had a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Edwards***, 194 A.3d 625, 638 (Pa.Super. 2018) (cleaned up). While Baker characterizes his offense as victimless and claims the protection of the public and his rehabilitative needs warrant a more lenient sentence, the trial court pointed out that Baker has previously been convicted of this same offense and yet allowed his registration to lapse again for approximately six months. Finally, the court imposed the very sentence the Commonwealth recommended in accordance with its agreement with Baker: a two-year minimum sentence. We discern no reasonable basis on which to contend that the sentence was an abuse of discretion.

Our independent review discloses no non-frivolous issues that Baker could raise on direct appeal. We therefore affirm the judgment of sentence and grant counsel's Petition for Leave to Withdraw.

Judgment of sentence affirmed. Petition for Leave to Withdraw as Counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/2022