J-S09028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN GERARD HICKS-FRANKLIN | : | |
| | : | |
| Appellant | : | No. 829 WDA 2022 |

Appeal from the Judgment of Sentence Entered April 19, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001634-2019

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED:  June 20, 2023**

Kevin Gerard Hicks-Franklin appeals from the judgment of sentence of twenty to forty years of incarceration followed by one year of probation following his conviction of third-degree murder and related charges.  Counsel has filed an application to withdraw and brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We deny the petition to withdraw as counsel and direct counsel to take remedial action within ten days of the filing of this memorandum.

In light of our current disposition, we provide an abbreviated procedural history.  The underlying case concerns Appellant stabbing Starleisha Smith to death in the presence of two other individuals.  Following a trial, the jury convicted Appellant of one count of third-degree murder, two counts of aggravated assault, one count of possession of instruments of crime, two

counts of recklessly endangering another person, and one count of terroristic threats. On April 19, 2021, the trial court sentenced Appellant as indicated above. Appellant filed post-sentence motions, which the trial court denied. After having his appellate rights reinstated *nunc pro tunc*, this appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925, and counsel has filed both an **Anders** brief and a petition to withdraw. Counsel seeking to withdraw pursuant to **Anders** must:

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the appellant; and (3) advise the appellant that he or she has the right to retain private counsel or raise additional arguments that the appellant deems worthy of the court's attention.

**Commonwealth v. Redmond**, 273 A.3d 1247, 1252 (Pa.Super. 2022) (cleaned up). Our Supreme Court further detailed counsel's duties as follows:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361. "Substantial compliance with these requirements is sufficient." **Commonwealth v. Prieto**, 206 A.3d 529, 533 (Pa.Super. 2019) (cleaned up). "If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case

with appropriate instructions[.]" ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa.Super. 2007) (cleaned up).

Here, the ***Anders*** brief does not contain a summary of the facts or citations to the record. Moreover, there is a discrepancy in identifying the issues Appellant seeks to raise. ***Compare*** Petition to Withdraw, 1/20/23, at unnumbered 1 (identifying the issues as questioning the sufficiency and weight of the evidence) ***with Anders*** brief at 3 (identifying a sentencing issue). If those were the only deficiencies, we might deem counsel to have substantially complied with the technical requirements. However, the proofs of service for the ***Anders*** brief and petition to withdraw do not reflect that counsel served a copy to Appellant.[1] Since we are unable to ascertain whether counsel furnished a copy of the required documents to Appellant,[2] an essential requirement for seeking withdrawal under ***Anders***, we deny her petition to withdraw. We direct counsel to rectify the inconsistency between the petition to withdraw and the ***Anders*** brief. Counsel shall then send new copies of the corrected ***Anders*** brief, petition to withdraw as counsel, and letter to Appellant with amended certificates of service demonstrating proper service on Appellant and to file a proof of service with this Court reflecting such

---

[1] Counsel's certificates of service reflect service on the prothonotary and the district attorney's office. The attached proofs of service reflect service only on the district attorney's office.

[2] While counsel purports to have provided Appellant a copy of her brief and petition to withdraw with the letter informing him of his rights, the letter itself lacks any proof or certificate of service. Moreover, counsel does not acknowledge any such service in the ***Anders*** brief or petition to withdraw.

service.  Counsel is ordered to complete these actions within ten days of our filing of this memorandum.  Appellant shall then have thirty days to respond.

Petition to withdraw as counsel denied.  Panel jurisdiction retained.