J-S27019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW TERRY INGRAM | : | |
| | : | |
| Appellant | : | No. 505 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 14, 2023
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0001106-2022

BEFORE: BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 24, 2023**

Andrew Terry Ingram appeals from the judgment of sentence of seventy-two hours to six months of incarceration imposed following his conviction of three counts of driving under the influence ("DUI") and one count of failing to drive on the right side of the roadway. Counsel, Scott A. Harper, Esquire, has filed an application to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We deny counsel's petition and remand for further proceedings consistent with this memorandum.

This case stems from a traffic stop conducted by Pennsylvania State Police ("PSP") Trooper Alexander Loder on June 13, 2022. Trooper Loder was driving behind Appellant when Trooper Loder observed "Appellant's front and rear driver's side tires cross the double yellow centerline. Appellant continued to travel with a portion of his vehicle over the centerline for [sixteen] seconds."

Trial Court Opinion, 8/29/23, at 2. Trooper Loder initiated a traffic stop and Appellant complied by pulling over. The trooper approached Appellant and, upon speaking with him, smelled a strong odor of burnt marijuana and noticed that Appellant had bloodshot eyes. Appellant stated that he had smoked marijuana twenty to thirty minutes before the stop. Trooper Loder conducted field sobriety tests and ultimately concluded that Appellant was under the influence of marijuana and could not safely drive. Appellant was arrested and subsequently consented to a blood draw, which revealed the presence of marijuana.

On January 6, 2023, Appellant proceeded to a combined suppression hearing and bench trial. The trial court denied Appellant's suppression motion, found him guilty as indicated above, and sentenced him. This timely appeal followed. The trial court entered an order directing Appellant to file a Pa.R.A.P. 1925(b) statement, but none was filed. The court issued a statement suggesting the appeal be dismissed as a result. **See** Trial Court Opinion, 3/22/23. Over one month later, counsel filed an untimely concise statement on Appellant's behalf, raising a single issue challenging the sufficiency of the evidence. Counsel then filed in this Court an **Anders** brief and petition to withdraw, presenting the same sufficiency challenge as the only issue arguably supporting an appeal. **See Anders** brief at 6.

Given this procedural posture, and the fact that the certified record was missing material items, we denied counsel's petition, remanded for counsel to ensure inclusion within the certified record of all necessary materials, and

- 2 -

directed the trial court to file a Rule 1925(a) opinion in response to the untimely Rule 1925(b) statement. *See Commonwealth v. Ingram*, 2023 WL 5447699 (Pa.Super. August 23, 2023) (non-precedential decision).

While the trial court has issued a Rule 1925(a) opinion, counsel has not complied with our directive to supplement the record with the pertinent video evidence. Rather than await counsel's compliance, we deem it more prudent to address counsel's *Anders* brief at this time. Counsel seeking to withdraw pursuant to *Anders* must:

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the appellant; and (3) advise the appellant that he or she has the right to retain private counsel or raise additional arguments that the appellant deems worthy of the court's attention.

*Commonwealth v. Redmond*, 273 A.3d 1247, 1252 (Pa.Super. 2022) (cleaned up). Our Supreme Court further detailed counsel's duties as follows:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361. "Substantial compliance with these requirements is sufficient." *Commonwealth v. Prieto*, 206 A.3d 529, 533 (Pa.Super. 2019) (cleaned up). "If counsel does not fulfill the aforesaid technical requirements

of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions[.]" **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007) (cleaned up).

Here, counsel sets forth a single issue of arguable merit: "Did the trial court err in finding sufficient evidence to establish a violation of the Motor Vehicle Code, based on [Appellant's] momentary and slight crossing of the double yellow line without impeding any other vehicle traveling on that section of roadway at that time?" **Anders** brief at 12 (cleaned up). In its entirety, counsel argues as follows:

> Undersigned Counsel has been unable to determine that this issue has any arguable merit on this appeal. Counsel has reached this conclusion upon a review of the record and relevant case law. In arriving at this conclusion Appellant's counsel has kept his duty to advocate for his client forefront in his mind. However, when counsel considers the limitations of the court's scope and standard of review for a claim challenging the sufficiency of the evidence, counsel is ethically constrained to inform this Honorable Court that he can find no good faith basis for asserting this particular issue on appeal. In arriving at this conclusion, counsel has reviewed and utilized the standard set forth in the Pennsylvania Rules of Professional Conduct, particularly Rule 3.1 (meritorious claims and contentions) and Rule 3.3 (candor toward the tribunal).
>
> If this Honorable Court, based on a review of the record, finds that the Appellant's contentions are of merit, given the scope and standard of review, it is respectfully requested that appropriate relief be granted.

**Id**. at 12-13 (cleaned up).

Counsel sets forth the scope and standard of review of a sufficiency claim earlier in the brief. **See id**. at 4-5. Critically, however, counsel does not present **any** case law or application of the facts of record to the relevant

case law within the brief. Moreover, as detailed by the trial court, Appellant's argument, while using the language of sufficiency, appears really to be a claim challenging the court's denial of his suppression motion. *See* Trial Court Opinion, 8/29/23, at 4 n.3 ("The concise statement mentions the sufficiency of the evidence, which is typically a challenge to the verdict. However, the wording of the issue mentioning the violation of the Motor Vehicle Code implies that Appellant's challenge is really directed at the denial of his motion to suppress." (cleaned up)). Nonetheless, counsel does not discuss in the *Anders* brief the merits of a suppression claim.

Based on the foregoing, we determine counsel's *Anders* brief to be woefully inadequate. Like the trial court, we conclude it appears that counsel is conflating sufficiency of the evidence with a challenge to the court's decision to deny Appellant's motion to suppress. Moreover, counsel cites no case law or statutes in addressing Appellant's claim and, indeed, never explains the substance of Appellant's claim. Stated plainly, counsel's compliance with the technical requirements of *Anders* is too deficient to be classified as substantial.

Thus, we once again deny counsel's petition to withdraw and remand to the trial court for further action. This time, however, given counsel's numerous failings on Appellant's behalf and in light of his dereliction to this Court, we direct the court to appoint new counsel for Appellant forthwith. New counsel shall enter his or her appearance with this Court. Thereafter, Attorney

Harper may *praecipe* to withdraw his appearance in this Court. Finally, Appellant's new counsel shall ensure the inclusion of the video evidence and any other necessary materials within thirty days of appointment. Then, following review of the entire record, new counsel shall file either an advocate's brief or a petition to withdraw and **Anders** brief that fully comply with the requirements detailed above within sixty days of appointment. The Commonwealth may file a brief in response thirty days thereafter.

Petition to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.