J-S33040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KHALIF T. MOORE | : | |
| | : | |
| Appellant | : | No. 1418 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 26, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000373-2020

BEFORE: BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED NOVEMBER 12, 2025**

Khalif T. Moore ("Moore") appeals from the judgment of sentence entered by the Philadelphia County Court of Common Pleas ("trial court") after a jury convicted him of third-degree murder, cruelty to animals, homicide by vehicle, accidents involving death or personal injury, fleeing or attempting to allude police.[1] Moore's counsel, Attorney George S. Yacoubian ("Counsel"), seeks to withdraw from representation pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Upon review, we deny Counsel's petition to withdraw and direct Counsel to file either an advocate's brief or proper **Anders** brief.

---

[1] 18 Pa.C.S. §§ 2502(c), 5533(a); 75 Pa.C.S. §§ 3732(a), 3742(a), 3733(a).

On the afternoon of October 26, 2019, Philadelphia police officers were conducting narcotics surveillance near Fawn and Dauphin Streets. During this time, police observed Moore in the area for approximately forty-five minutes. When one of the surveillance team's marked cars erroneously drove through the surveillance area, Moore, who was riding a bicycle, rode to a minivan, entered the vehicle, and drove away. Police followed the minivan with their emergency lights activated until it came to a stop along the side of the road. As police approached the vehicle with their weapons drawn and ordered Moore to show his hands, he suddenly sped away at a high rate of speed. Police pursued Moore through several intersections until they heard the minivan collide with a pedestrian, Michael Canals ("Canals"), and his dog, Rosie. Both Canals and Rosie died from their injuries. Moore, however, was able to elude police that day. Police found the minivan at around 11:00 p.m. that night. After conducting a search of the vehicle pursuant to a warrant, police were able to identify Moore as the driver through video and forensic evidence.

On February 15, 2024, a jury convicted Moore of the above-referenced crimes. On April 26, 2024, the trial court sentenced Moore to an aggregate term of twenty to forty years in prison followed by one year of probation. Moore filed timely post-sentence motions, which the trial court denied. This timely appeal followed.

On April 18, 2025, Counsel filed an **Anders** brief and petition to withdraw as counsel in this Court. Moore subsequently filed a pro se

application for relief requesting that this Court deny Counsel's petition to withdraw, remand the matter to trial court for the appointment of new counsel, or grant him additional time to file a response to Counsel's *Anders* brief and petition to withdraw. *See* Application for Relief, 5/27/2025. This Court granted Moore's request for additional time to file a response to Counsel's *Anders* brief and petition to withdraw. *See* Order, 6/17/2025. On October 16, 2025, Moore filed his pro se response.

Counsel identified the following issues in the *Anders* brief:

1. The trial court erred by precluding any reference to civil unrest and protests against police.

2. The trial court erred when it granted Commonwealth's motion in limine to limit references at trial to the police directives that were in effect in October 2019 and to preclude a line of inquiry into police directives on use of force. Specifically, the [trial court] erred in restricting and/or limiting evidence about the Philadelphia Police Department Directives involving the use of force, drawing of weapons, and vehicle pursuits. Had this evidence been admitted, it would have established [Moore]'s lack of the requisite malice needed for third-degree murder.

3. The [trial court] erred when it limited and/or restricted questioning about events that took place on Fawn Street earlier in the day prior to the efforts to stop [Moore].

4. The [trial court] erred in restricting the evidence that would establish inconsistent statements by the police officers.

5. The [trial court] erred by not permitting jurors to take notes during the trial, in violation of Criminal Rules of Procedure Rule 644.

6. The trial court erred when it granted [the] Commonwealth's motion in limine to preclude the substance of an ongoing civil action filed on behalf of [Canals'] family against [Moore,

- 3 -

the] City of Philadelphia, and specific [sic] Philadelphia Police.

7. The trial court erred when it allowed into evidence a prison telephone call to 267-588-[****] attributed to [Moore].

8. The trial court erred when it granted [the] Commonwealth's motion in limine to preclude the reports, and substance therein, by Internal Affairs and Police Board of Inquiry and decisions that occurred because of this case.

9. The jury was tainted, and was caused to have a misconception of the facts, when the Commonwealth made reference to, and suggested, that [Moore] was the subject/target of a criminal investigation and wrongful and/or unlawful conduct without any supporting evidence.

10. The [trial court] erred in restricting and/or limiting the questioning regarding the actions leading up to the attempts to stop [Moore], creating the false impression of wrongful conduct which caused confusion and influenced the assessment of the existence of malice.

11. The trial court erred by limiting the questioning of Officer Outterbridge and terminating the cross examination by defense counsel.

12. The [trial court] erred when it gave the jury instruction, and the answer to the question from the jury, by presentation of the "jury instruction on third-degree murder" rather than bringing the jury into the courtroom and reading the charge/instruction again. Not reading the instruction to the jury meant there was no assurance that every juror heard the definition or contemplated it in their deliberations.

13. The [trial court] erred when restricting the defense on its line of questioning regarding the videos showing the pursuit, which kept mitigating evidence regarding the absence of malice on the part of [Moore] from the jury.

14. The verdict on third-degree murder was against the weight of the evidence. Specifically, the jury failed to consider the evidence demonstrating a lack of malice, which is an essential element to the charge of third-degree murder.

15. The evidence was not sufficient to establish [Moore]'s guilt beyond a reasonable doubt on the third-degree murder offense. Specifically, the evidence was not sufficient to demonstrate the requisite level of malice required for third-degree murder.

*Anders* Brief at 7-10.

When faced with an *Anders* brief, we may not review the merits of the underlying issues or allow counsel to withdraw from representation without first deciding whether counsel has complied with all requirements set forth in *Anders* and *Santiago*. *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008). We have summarized these requirements as follows:

Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* or file an advocate's brief on [a]ppellant's behalf).

*Id.* (citations omitted).

Additionally, *Santiago* sets forth precisely what an *Anders* brief must contain:

> [T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings to determine whether there are any other non-frivolous issues that the appellant could raise on appeal. **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc). Substantial compliance with **Anders** and **Santiago** requirements is sufficient. **Commonwealth v. Redmond**, 273 A.3d 1247, 1252 (Pa. Super. 2022).

Instantly, we conclude that Counsel has complied with the requirements outlined above with respect to his petition to withdraw and letter advising Moore of his rights. Counsel filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. **See** Petition to Withdraw as Counsel, 4/18/2025, ¶¶ 5-6. Additionally, Counsel provided Moore with a copy of the **Anders** brief and petition to withdraw and advised him of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention. **See** Letter, 4/18/2025.

Counsel's **Anders** brief, however, is deficient, as it fails to conform with the dictates of **Santiago**. Although Counsel provides a summary of the facts and procedural history of the case and concludes that the appeal is frivolous, he fails to state his reasons for concluding why the appeal is frivolous and does not articulate the relevant facts of record, controlling case law, and/or statutes on point that led him to conclude that the appeal is frivolous. **See Santiago**, 978 A.2d at 361; **see also Anders** Brief at 6-13. Instead, after setting forth the fifteen issues he raised the Pa.R.A.P. 1925(b) statement, Counsel summarily concludes, with little to no explanation, that he agrees with the trial court's analysis of each issue. **See Anders** Brief at 12-13; **see also** Pa.R.A.P. 1925(b) Statement, 8/15/2024, ¶¶ 1-15. Indeed, while many of the issues Counsel raised in the Rule 1925(b) statement require a thorough and separate consideration of the record, Counsel wholly fails to conduct any independent analysis, cite to the record, or cite any meaningful authority. **See id.**

This analysis is required under **Santiago**. As our Supreme Court explained:

> We are persuaded that requiring counsel to articulate the basis for his or her conclusion of frivolity will advance the twin functions counsel's **Anders** brief is to serve, i.e., it will assist the intermediate appellate courts in determining whether counsel has conducted a thorough and diligent review of the case to discover appealable issues and whether the appeal is indeed frivolous. In this context, we believe that there is real value in putting pen to paper. As the United States Supreme Court has noted, the task of articulating reasons can shed new light on what may at first appear to be an open-and-shut issue. It can also reveal to counsel

previously unrecognized aspects of the record or the law and thereby provide a safeguard against a hastily-drawn or mistaken conclusion of frivolity. In addition, we believe that it is often the case that the basis for an attorney's opinion that an appeal is frivolous is not readily apparent, and that accordingly, counsel's explanation will significantly assist the courts in passing upon the soundness of counsel's conclusion, which, in turn, vindicates the right to counsel.

*Santiago*, 978 A.2d at 360-61 (citations omitted). The requirements for *Anders* briefs are "stringent, and with good reason[,]" as a defendant has a constitutional right to a direct appeal and a constitutional right to competent counsel for his or her direct appeal. *Commonwealth v. Orellana*, 86 A.3d 877, 881 (Pa. Super. 2014) (citations omitted).[2]

In light of the foregoing deficiencies, we deny Counsel's petition to withdraw. Counsel shall, within thirty days of the filing date of this decision, file either an advocate's brief or a proper *Anders* brief and petition to withdraw.[3] Moore and the Commonwealth may respond within thirty days of Counsel's filing of the amended brief.

_____

[2] The Commonwealth likewise concludes that Counsel has failed to properly comply with the dictates of *Anders* and *Santiago*. *See* Commonwealth's Brief at 8-11. Furthermore, it is noteworthy that that Counsel raised fifteen issues in the Rule 1925(b) statement, but now finds every one of those fifteen issues frivolous in his *Anders* brief without any analysis—a fact that did not go unnoticed by either the Commonwealth or Moore. *See id.* at 9; *see also* Moore's Response, 10/16/2025, at 9.

[3] Should Counsel choose to file an advocate's brief, he is not required to argue all fifteen issues that he raised in the Rule 1925(b) statement. To the contrary, raising so many alleged points of error is a practice that is frowned upon by Pennsylvania appellate courts. *See Commonwealth v. Robinson*, *(Footnote Continued Next Page)*

Petition to withdraw denied.  Panel jurisdiction retained.

_____

864 A.2d 460, 480 n.28 (Pa. 2004).  As our Supreme Court has explained, the "process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy."  **Id.** (citation omitted).  On the other hand, should Counsel opt to file an **Anders** brief, he must follow all the dictates of **Santiago** and conduct his own independent analysis as to why each of the fifteen issues he raised in the Rule 1925(b) statement are frivolous.  **See Santiago**, 978 A.2d at 361.