J-S01036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GERALD ROBERT MARTIN | : | |
| | : | |
| Appellant | : | No. 796 MDA 2021 |

Appeal from the Judgment of Sentence Entered May 24, 2021
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000214-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GERALD ROBERT MARTIN | : | |
| | : | |
| Appellant | : | No. 795 MDA 2021 |

Appeal from the Judgment of Sentence Entered May 24, 2021
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000362-2020

BEFORE:   BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED OCTOBER 13, 2022**

Appellant, Gerald Robert Martin, appeals from the judgments of sentence imposed following his entry of a *nolo contendere* plea to possession of a controlled substance with intent to deliver (methamphetamine, less than two and one-half grams) and a guilty plea to possession of drug

---

[*] Retired Senior Judge assigned to the Superior Court.

paraphernalia.[1]  Following an initial remand to ensure that Appellant's counsel properly sought to withdraw from his representation, we are tasked with reviewing a petition to withdraw as counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  We deny the petition to withdraw as counsel and direct counsel to take remedial action within ten days of the filing of this memorandum.

On or about August 29, 2018, the state police arranged through a confidential informant to purchase a controlled substance from Appellant.  N.T. 1/12/21, 9.  The informant met with Appellant and another person named Amanda Wilcox in Athens Township in Bradford County.  **Id.**  The informant purchased less than two and one-half grams of methamphetamine from them.  Ms. Wilcox was the driver of a car at that location and Appellant was in the front passenger seat.  **Id.**  Appellant conducted the conversation to arrange the transaction and Ms. Wilcox was the one who completed the exchange with the informant.  **Id.**  The methamphetamine sold to the informant weighed .79 grams.  **Id.**   After the police stopped a car transporting Appellant on March 29, 2020, they found Appellant in possession of a hypodermic needle.  **Id.** at 8.

---

[1] 35 P.S. § 780-113(a)(30), (32).

On January 12, 2021, Appellant entered his pleas to the above-referenced charges.[2]  N.T. 1/12/21, 1-10.  The parties did not reach an agreement on a sentencing recommendation but the Commonwealth agreed to *nolle prosse* additional charges in exchange for the entry of the pleas.[3]  **Id.** at 1-2; N.T. 5/24/21, 8.  Sentencing was deferred for the preparation of a pre-sentence investigation report.  N.T. 1/12/21, 9.

On May 24, 2021, the court imposed an aggregate imprisonment term of sixteen to sixty months, including consecutive prison terms of fifteen to forty-eight months for possession of a controlled substance with intent to deliver and one to twelve months for possession of drug paraphernalia.[4]  N.T.

_____

[2] The drug possession charge was docketed at CP-08-CR-0000214-2020 and the paraphernalia charge was docketed at CP-08-CR-0000362-2020.  This Court consolidated these cases, *sua sponte*, pursuant to Pa.R.A.P. 513.  **See** Order, 8/3/21 (*per curiam*).

[3] The additional charges included two counts of criminal conspiracy (for delivery of methamphetamine and heroin), an additional count of possession of a controlled substance with intent to deliver (heroin), and single counts of criminal use of a communication facility and false identification to a law enforcement officer.  Bills of Information, CP-08-CR-0000362-2020, 8/5/20, 1; Bills of Information, CP-08-CR-0000214-2020, 5/5/20, 1-2.

[4] The Sentencing Guidelines recommended minimum imprisonment terms of fifteen to twenty-one months, plus or minus six months for aggravating or mitigating circumstances for possession of a controlled substance with intent to deliver, and restorative sanctions to four months, plus for aggravating circumstances.  **See** 204 Pa. Code § 303.15 (7th ed., amend. 4 supp.; comprehensive offense listing) (providing offense gravity scores of six and one for possession of a controlled substance with intent to deliver and possession of drug paraphernalia); 204 Pa. Code § 30316(a) (7th ed., amend. 4; basic sentencing matrix); N.T. 5/24/21, 2 (noting the applicable guideline ranges and that Appellant had a prior record score of four).

5/24/21, 6-9; Sentencing Order, CP-08-CR-0000214-2020, 5/24/21, 1; Sentencing Order, CP-08-0000362-2020, 5/24/21, 1. Appellant did not file post-sentence motions and filed timely notices of appeals in each of the underlying cases. Notice of Appeal, CP-08-CR-0000214-2020, 6/21/21; Notice of Appeal, CP-08-CR-000362-2020, 6/21/21, 1.

Appellant's counsel filed an **Anders** brief for these consolidated appeals but failed to file a petition to withdraw as counsel along with a required notice letter advising Appellant of his rights under **Anders** and enclosing copies of the brief and the petition to withdraw as counsel. This Court issued two orders directing counsel to file an application to withdraw as counsel along with proof that Appellant had been properly advised of his rights. Order, 11/3/21, 1; Order, 11/18/21, 1. After no responsive filings were made with this Court, we remanded this case for the purposes of allowing the plea court to hold a hearing to determine whether counsel had abandoned Appellant. **Commonwealth v. Martin**, 2022 WL 2764211, *2 (Pa. Super., filed July 15, 2022) (unpublished memorandum). Appellant's counsel subsequently filed a petition to withdraw as counsel with this Court, and the plea court informed this Court of its findings that counsel had not abandoned his client and had filed the withdrawal motion to "cure the identified deficiencies" that were addressed in our former memorandum. Order, CP-08-CR-0000214-2020 & CP-08-CR-000362-2020, 8/8/22, ¶¶ 3-5; Application to Withdraw as Counsel, 7/29/22.

Counsel's **Anders** brief identifies three issues:

- 4 -

     1.      Whether the Appellant's plea was knowing, voluntary[,] and intelligent.

     2.      Whether the sentence imposed was appropriate given the circumstances of this case.

     3.      Whether the Appellant's sentence was legal and within Sentencing Guidelines for the Commonwealth of Pennsylvania.

***Anders*** brief, at 3.

Prior to addressing the issues identified in Appellant's brief, we must first resolve counsel's petition to withdraw. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). An attorney seeking to withdraw on appeal pursuant to ***Anders*** must take the following actions:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; ***2) furnish a copy of the brief to the [appellant];*** and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted; emphasis added). Our Supreme Court has also stated that a proper ***Anders*** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

- 5 -

*Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). Counsel also must provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007) (citation omitted). "Substantial compliance with the *Anders* requirements is sufficient." *Commonwealth v. Redmond*, 273 A.3d 1247, 1252 (Pa. Super. 2022) (citation omitted).

Counsel filed an *Anders* brief and, following our former remand, a petition to withdraw as counsel. The *Anders* brief substantially complies with the requirements set forth in *Santiago*, although we note that the summary of the procedural history and facts in the brief does not contain citations to the certified record and the "Order in Question" section of the brief contains nothing after a heading for that section. *Anders* brief, at v, 4-9. Copies of Appellant's Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, that stated an intent to file the *Anders* brief, and the plea court's Rule 1925(a) opinion are appended to the brief. Notably, the proof of service for the brief does not reflect that counsel served Appellant with a copy of it.[5]

---

[5] On the date that the brief was filed, counsel filed two proofs of service. One was a form version generated by the Unified Judicial System of Pennsylvania's Web Portal that reflected electronic mail service to attorneys Brian Patrick

*(Footnote Continued Next Page)*

In his petition to withdraw, counsel advises this Court that, after "a conscientious examination of the record," he communicated with Appellant and "attempted to explain the absence of any arguable issue" to him. Petition to Withdraw, 7/29/22, ¶¶ 2, 4. Counsel acknowledged that he furnished a copy of the withdrawal petition to Appellant, along with a letter explaining Appellant's rights to "forward any additional argument or to retain new counsel to represent him." *Id.* at ¶ 5. In the letter to Appellant, counsel properly informed Appellant of his rights to proceed *pro se* or with newly retained counsel, acknowledged his filing of the *Anders* brief, and offered a short explanation as to counsel's reasons why some proposed claims for review would not provide Appellant with a basis for relief. Correspondence to Appellant, 7/28/22, attached to Petition to Withdraw, 7/29,22.

After previously delaying our review by twice ordering Appellant's counsel to file a petition to withdraw as counsel along with the *Anders* brief and a required notice letter to Appellant and then remanding for proceedings below when counsel failed to acknowledge or respond to our orders, this Court would have liked to proceed with substantive review of the identified claims. We are unable to do that because we unable to discern from the record that counsel ever furnished a copy of the *Anders* brief to Appellant as required by

Gallagher of the Bradford County Public Defenders' Office and James Robert Nasatka of the Bradford County District Attorney's Office. The other form appears to have been generated by counsel and reflected electronic and regular U.S. mail service to the plea court, the prothonotary for the Bradford County Court of Common Pleas, and the Bradford County District Attorney's Office.

*Cartrette*, 83 A.3d at 1032. The proofs of service that counsel filed at the time that he filed the brief do not reflect service to Appellant. Counsel also does not acknowledge his service of the brief to Appellant in either the brief, his petition to withdraw, or the petition's accompanying letter to Appellant. Counsel's failure to acknowledge whether he satisfied his requirement to provide Appellant with a copy of the *Anders* brief is particularly frustrating as this Court reminded counsel of his need to acknowledge his enclosure of a copy of the brief along with his correspondence to his client in our former memorandum. *See Martin*, 2022 WL 2764211 at *1 ("Attorney Thompson failed to file a contemporaneous application to withdraw as counsel and failed to file the required notice letter addressed to Appellant explaining Appellant's rights under *Anders* and *enclosing copies of the Anders brief* and the application to withdraw as counsel) (emphasis added).

Given counsel's failure to demonstrate his compliance with an essential requirement for seeking withdrawal under *Anders*, we deny counsel's petition to withdraw. We direct counsel to send new copies of the *Anders* brief, the petition to withdraw as counsel, and the letter to Appellant that was attached to the petition to withdraw as counsel with amended certificates demonstrating proper service on Appellant and the Commonwealth. We further direct counsel to file a proof of service with this Court reflecting his service of new copies of all three pertinent documents (the brief, the petition, and the letter) to Appellant and the Commonwealth. We direct counsel to take this action within ten days of our filing of this memorandum.

- 8 -

Petition to withdraw as counsel denied.  Panel jurisdiction retained.[6]

Judge Nichols joins the memorandum.

Judge Bowes files a dissenting memorandum.

_____

[6] We note that, as of the filing of this memorandum, Appellant has not filed any responsive pleadings as a *pro se* litigant and that there have been no filings reflecting the entry of an appearance for any privately retained counsel.