J-S08019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSE A. BEACHTEL | : | |
| | : | |
| Appellant | : | No. 1154 MDA 2022 |

Appeal from the Judgment of Sentence Entered May 26, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001196-2014


BEFORE:   OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED MAY 8, 2023**

Jesse A. Beachtel (Appellant) appeals, *nunc pro tunc*, from the judgment

of sentence[1] entered in the Dauphin County Court of Common Pleas following

the revocation of his parole and probation for sexual offenses committed

against his minor daughter.  Contemporaneous with this appeal, Appellant's

counsel, Wendy J. F. Grella, Esquire, has filed a motion to withdraw from

representation and an ***Anders*** brief.  ***See Anders v. California***, 386 U.S.

738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  The

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant purports to appeal from the "denial of his post-sentence motion by
[o]rder dated August 16, 2022, and reinstatement of his appellate rights by
order dated July 18, 2022."  Appellant's Notice of Appeal, 8/18/22.  However,
the appeal properly lies from the judgment of sentence imposed on May 26,
2021, following the revocation of his parole and probation.  ***See***
***Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001)
(*en banc*).  We have corrected the caption accordingly.

sole issue presented in the **Anders** brief challenges the discretionary aspects of Appellant's revocation sentence. Upon our review, we conclude Attorney Grella has not properly complied with the requirements of **Anders** and **Santiago**. Furthermore, we have identified an arguably meritorious claim not addressed by Attorney Grella — that is, whether the trial court erred when it determined Appellant was still serving time on parole for any offense at the time of the violation, and, if so, whether the court anticipatorily revoked Appellant's probation imposed for other offenses in contravention of this Court's *en banc* decision in **Commonwealth v. Simmons**, 262 A.3d 512 (Pa. Super. 2021) (*en banc*). Therefore, we deny Attorney Grella's motion to withdraw, and direct counsel to file an advocate's brief or new **Anders** brief and motion to withdraw within 30 days of the date of this memorandum.

We gather the following facts and procedural history from the truncated certified record before us. In May of 2013, the victim — Appellant's then 17-year-old daughter — reported that Appellant had sexually assaulted and raped her when she was 9 years old. **See** Affidavit of Probable Cause, 8/9/13, at 1 (unpaginated). On April 9, 2015, Appellant entered a guilty plea[2] to charges of unlawful contact with a minor (Count 4), indecent assault (Counts 5 and 6),

_____

[2] Neither the written guilty plea colloquy nor the transcript from the plea hearing are included in the certified record.

and corruption of minors (Count 7).[3]  Appellant proceeded to sentencing on June 23, 2015, at which time the court imposed a term of 11½ to 23 months' incarceration for unlawful contact with a minor (Count 4), and three terms of five years' probation for the remaining offenses.  The court directed the probationary terms run concurrent to each other, but consecutive to the prison sentence.  **See** Sentencing Order, 6/23/15.  Although the trial court ordered that Appellant undergo an assessment[4] by the Sexual Offender's Assessment Board to determine if he met the criteria for classification as a sexually violent predator (SVP) pursuant to the Sexual Offenders Registration and Notification Act (SORNA),[5] the transcript from the June 2015 sentencing hearing is not included in the certified record, and the record does not reveal whether he was classified as an SVP, or, for that matter, what registration requirements were imposed.  Appellant did not file a direct appeal.

---

[3] 18 Pa.C.S. §§ 6318(a)(1), 3126(a)(7), and 6301(a)(2), respectively. Charges of rape, involuntary deviate sexual intercourse, and incest (Counts 1, 2, and 3) were subsequently withdrawn.  **See** 18 Pa.C.S. §§ 3121(c), 3123(b), 4302.

[4] **See** Order, 4/13/15.

[5] 42 Pa.C.S. §§ 9799.51-9799.75 (Subchapter I).  **See also** 42 Pa.C.S. § 9799.52 (Subchapter I is applicable to those convicted of a sexually violent offense committed on or after April 22, 1996, but before December 20, 2012).

On November 30, 2016, Appellant was released on parole. By our calculation, his maximum sentence for the unlawful contact with a minor offense should have expired, at the latest, on May 23, 2017.[6]

A detainer was issued for Appellant in February of 2018. On March 22, 2018, Appellant's "parole" was revoked on the charge of unlawful contact with a minor, and he was sentenced to serve the "balance" of his term — 58 months and 21 days. *See* Commitment Order, 3/22/18. Appellant was immediately paroled, and his supervision was transferred to Adams County. *Id.* The only supporting documentation for this revocation is the March 22, 2018, commitment order. There is no explanation in the record as to how Appellant could be ordered to serve **58 months' imprisonment** as the "balance" of his term for a "parole" violation, when his original prison sentence was **only** a maximum of 23 months' incarceration. However, as noted above, the commitment order lists only Count 4 — unlawful contact with a minor — as the relevant charge, and includes a checkmark noting this was a "PAROLE" violation, to which Appellant was directed to "SERVE [THE] BALANCE" of "58 mo 21 days." Commitment Order, 3/22/18. The order makes no mention of any of the probationary sentences.

Another detainer was docketed for Appellant on April 2, 2021. On April 20th, Appellant, then represented by Steve Rice, Esquire (Revocation

---

[6] The record does not reveal whether Appellant received any credit for time served at his June 2015 sentencing hearing, or whether the prison term was imposed consecutively to another sentence.

Counsel), filed a motion seeking to schedule a revocation hearing or set bail. Appellant asserted he had been incarcerated on the detainer since March 31st, and that his employer was holding his job for him. *See* Appellant's Motion to Schedule Revocation Hearing or to Set Bail, 4/20/21, at 2-3. A revocation hearing was scheduled for May 26, 2021.

At the May 26th hearing, Appellant did not contest the allegations that he violated the terms of his probation and parole.[7] *See* N.T., 5/26/21, at 2. He presented the testimony of his employer — Jim Hobbs of Hobbs Trucking — who stated Appellant was a "good truck driver" and a dependable employee. *See id.* at 8-9. Revocation Counsel requested the court "keep[ Appellant] in a local setting" so that he could continue to work. *Id.* at 10. At the conclusion of the hearing, the following exchange took place:

> THE COURT: All right . . . Count 4[, unlawful contact with a minor,] is no longer in play, but Counts 5, 6, and 7 are?
>
> [Commonwealth]: Yes, Your Honor, **[Count] 4 has just about two months of time credit left.** So it would be just basically [Counts] 5, 6, 7. They're each misdemeanors of the first degree with 5-year maximums.
>
> THE COURT: Thank you.
>
> Count 5, we'll do 2 and a half to 5 years in state prison.

---

[7] Appellant acknowledged that although he was ordered to have no contact with minors, he texted his fiancée's two minor sons, and traveled out of state on vacation with them without permission from his probation officer. See N.T., 5/26/21, at 5-6, 9-11. It was also alleged that he had "pornographic materials on his phone of his fiancée." *Id.* at 11.

Count 6 and Count 7, we'll do another 5 years on each. They will run consecutive to each other and consecutive to Count 5.

Does he have time credit?

**We'll put the time credit on Count 4 and that will close out Count 4.**

\* \* \*

Do you have the time credit dates for Count 4?

How long has he been in now?

PROBATION OFFICER: 20 months and 15 days.

\* \* \*

That's total, Your Honor. That's the total time credit.

\* \* \*

THE COURT: So that all goes to Count 4[.]

*Id.* at 13-15 (emphases added). Thus, the trial court applied all credit for time-served to Count 4 — unlawful contact with a minor — and "closed out" that sentence. The court then imposed a term of two and one-half to five years' imprisonment for one count of indecent assault, followed by two consecutive terms of five years' probation for the second indecent assault offense and corruption of minors — an aggregate term of two and one-half to five years' incarceration followed by 10 years' probation. *See* Sentencing Order, 5/26/21. No post-sentence motion or direct appeal was filed.

On January 7, 2022, Appellant filed a timely, *pro se* petition for relief pursuant to the Post Conviction Relief Act (PCRA),[8] asserting, *inter alia*,

_____

[8] 42 Pa.C.S. §§ 9541-9546.

Revocation Counsel's ineffectiveness for failing to challenge his sentence. Present counsel, Attorney Grella, was appointed, and on May 23, 2022, filed an amended petition, in the form of a motion seeking reinstatement of Appellant's post-sentence motion and appeal rights *nunc pro tunc*. **See** Appellant's Motion to Reinstate Appellate Rights *Nunc Pro Tunc*, 5/23/22. The Commonwealth did not oppose Appellant's requested relief. **See** Commonwealth's Response to Appellant's Post-Conviction Relief Act Petition, 7/6/22, at 1. Thus, on July 18, 2022, the trial court entered an order granting reinstatement of Appellant's post-sentence and direct appeal rights, and directing Appellant to file a post-sentence motion within 10 days. **See** Order, 7/18/22.[9]

Attorney Grella filed a post-sentence motion *nunc pro tunc* on July 28, 2022, asserting that Appellant's revocation sentence was "excessive and constituted an abuse of discretion[.]" Appellant's Post-Sentence Motion Pursuant to Pa.R.Crim.P. 702(B), 7/28/22, at 2 (unpaginated). The trial court denied the motion on August 16, 2022, and this timely appeal follows.[10]

_____

[9] Notice of entry of this order was sent to the parties on July 19, 2022. **See** Docket Entry, 7/18/22.

[10] On August 29, 2022, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Attorney Grella complied, indicating her intention to file an **Anders** brief. **See** Appellant's Statement of Matters Complained of Pursuant to Pa.R.A.P. 1925(b), 9/19/22. However, she also stated that she intended to present a claim that the aggregate revocation sentence was excessive "where more emphasis was placed on the incident than on the rehabilitative needs of [Appellant] and
*(Footnote Continued Next Page)*

Where, as here, counsel files a motion to withdraw and accompanying ***Anders*** brief, we must first examine counsel's request to withdraw before considering any substantive issues presented on appeal. ***Commonwealth v. Bennett***, 124 A.3d 327, 330 (Pa. Super. 2015). ***Anders*** and its progeny require an attorney who seeks to withdraw from representation on direct appeal to:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

***Commonwealth v. Redmond***, 273 A.3d 1247, 1252 (Pa. Super. 2022) (citation omitted). Further, in ***Santiago***, our Supreme Court announced that an ***Anders*** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Lastly, counsel is required

---

failed to account for mitigating factors[.]" ***Id.*** (capitalization omitted). The trial court issued a Pa.R.A.P. 1925(a) opinion on October 12th, declining to address any potential claims because Attorney Grella intended to file an ***Anders*** brief. ***See*** Trial Ct. Op., 10/12/22.

[to] provide the appellant with a copy of the **Anders** brief, together with a letter that advises the appellant of his or her right to (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief. . . .

**Redmond**, 273 A.3d at 1252 (citation & quotation marks omitted). "Substantial compliance with the **Anders** requirements is sufficient." **Id.** (citation omitted).

Moreover, "part and parcel of **Anders** is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018). Consequently, after we determine that counsel has satisfied the requirements of **Anders** and its progeny, we must

conduct a review of the record to ascertain if on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them.

**Id.**

Here, we conclude Attorney Grella has failed to substantially comply with the requirements of **Anders** and its progeny. In her motion to withdraw, Attorney Grella states that "[a]fter reviewing the record in the instant case, it does not appear . . . that the trial court abused its discretion in sentencing Appellant to two and one half (2 ½) to five (5) years of incarceration or that Appellant's sentence was excessive or unreasonable." Motion to Withdraw as Counsel, 12/22/22, at 3 (unpaginated). Furthermore, she concludes "[t]here

is no merit to [Appellant's] sentencing challenge and, in turn, no support for his PCRA claims."[11]  **Id.**  However, **Anders** requires that counsel make a "conscientious examination" of the record and conclude the appeal is more than simply meritless — counsel must determine the appeal is frivolous. **Redmond**, 273 A.3d at 1252.  **See also Smith v. Commonwealth, Pennsylvania Bd. of Prob. & Parole**, 574 A.2d 558, 562 (Pa. 1990) ("Generally, an appeal which is determined to lack any basis in law or fact is considered to be frivolous[; a]n appeal is not frivolous merely because it lacks merit.").  Accordingly, Attorney Grella's petition to withdraw is deficient.

Furthermore, we conclude Attorney Grella's **Anders** brief is also inadequate.  Counsel's summary of the procedural history omits critical facts that, as we explain **infra**, raise concerns about the legality of Appellant's sentence. **See Anders** Brief at 5 (unpaginated).[12]  Moreover, counsel appears to challenge the 10-year term of county probation imposed by the trial court but does not explain why that particular challenge is frivolous. **See id.** at 10-14.  Thus, we are compelled to deny counsel's petition to withdraw, and direct her to file either an advocate's brief, or a compliant **Anders** brief and petition to withdraw.

---

[11] Attorney Grella's reference to the PCRA is confounding.  Although this appeal began *via* a PCRA petition, as noted **supra**, Appellant's direct appeal rights from his revocation sentence were reinstated *nunc pro tunc*. **See** Order, 7/18/22.

[12] Attorney Grella paginated the first two pages of the brief as "ii" and "iii." Therefore, we designate the third page, titled "Jurisdiction," as page "1."

Nevertheless, we note that our preliminary review of the underlying facts and procedural history of this case reveals a potentially meritorious issue that Attorney Grella must address — namely, whether Appellant's sentence is illegal.

"[T]he only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence." ***Commonwealth v. Kalinchak***, 943 A.2d 285, 290 (Pa. Super. 2008). In the present case, it is unclear in the record how Appellant could have still been serving any time for parole on Count 4 — unlawful contact with a minor — at the time the present detainer was issued in April of 2021. Indeed, as noted *supra*, Appellant's maximum sentence for that offense was 23 months' imprisonment, which should have expired in May of 2017. However, the record indicates that his parole for that sentence was revoked nearly a year later, in March of 2018, and he was sentenced to serve the "balance" of that term — 58 months and 21 days. Perhaps the trial court intended to revoke Appellant's **five-year probationary term** at that time, and impose a term of imprisonment of 58 months, 21 days. However, the record does not support such a finding. Without clarity regarding whether Appellant's probation or parole was revoked in March of 2018, we are unable to determine from the record before us whether the court properly revoked Appellant's probation or parole in May of 2021.

Moreover, if Appellant was still serving parole on any sentence at the time of the present violation, it appears that the trial court anticipatorily

- 11 -

revoked Appellant's probation before he began serving his probationary sentence in violation of this Court's *en banc* decision in **Simmons**. Prior to **Simmons**, this practice was not only permissible, it was routine. However, the **Simmons** Court overruled the prior caselaw permitting this practice, after concluding "[n]o statutory authority exists to support" the anticipatory revocation of a term of probation. **Simmons**, 286 A.3d at 524-25. The *en banc* panel explained:

> Rather, the plain language of the relevant statutes provides that: a trial court may only revoke an order of probation "upon proof of the violation of specified conditions of the probation;" the "specified conditions" of an order of probation are attached to, or are a part of, the order of probation; and, when the trial court imposes an "order of probation" consecutively to another term, the entirety of the "order of probation" — including the "specified conditions" — **do not begin to commence until the prior term ends**.

*Id.* at 525 (emphasis added & footnote omitted).

We recognize that the decision in **Simmons** was filed after the trial court issued the revocation sentence in the present case.[13] Nevertheless, "[i]t is well settled that Pennsylvania appellate courts apply the law in effect at the time of the appellate decision[; thus] a party whose case is pending on direct appeal is entitled to the benefit of changes in law which occur before the

---

[13] Appellant's parole and probation were revoked, and he was resentenced, on May 26, 2021. The *en banc* decision in **Simmons** was filed nearly three months later, on August 18th.

judgment becomes final."[14] ***Commonwealth v. Conley***, 286 A.3d 313, 317 n.9 (Pa. Super. 2022) (citation & quotation marks omitted). Furthermore, we recognize, as did the ***Conley*** Court, that the Pennsylvania Supreme Court subsequently granted review in an unrelated case "which directly implicates our holding in ***Simmons***." ***Id.*** at 317 n.10. ***See Commonwealth v. Rosario***, 271 A.3d 1285 (Pa. Jan. 25, 2022) (granting petition for allowance of appeal to consider, *inter alia*, whether the ***Simmons*** Court erred "by overturning over 40 years of case law permitting the revocation of consecutive probation sentences not yet commenced"). Nevertheless, ***Simmons*** "remains binding precedent" until the Supreme Court limits or clarifies that holding. ***See Commonwealth v. LeClair***, 236 A.3d 71, 86 n.7 (Pa. Super. 2020).

Therefore, because we conclude Attorney Grella's motion to withdraw and ***Anders*** brief were deficient, we deny her motion to withdraw, and direct her to file either an advocate's brief or a compliant ***Anders*** brief and petition to withdraw within 30 days of the filing of this memorandum. Furthermore, we direct Attorney Grella to review the legality of sentencing issue discussed herein, in addition to any other potential claims.

Motion to withdraw as counsel denied. Jurisdiction retained.

---

[14] We also observe that ***Simmons*** was published five months **before** Attorney Grella was appointed as Appellant's counsel, and more than one year before she filed the ***Anders*** brief and motion to withdraw.