J-S09028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KEVIN GERARD HICKS-FRANKLIN | : | |
| | : | |
| Appellant | : | No. 829 WDA 2022 |

Appeal from the Judgment of Sentence Entered April 19, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001634-2019

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED: AUGUST 29, 2023**

Kevin Gerard Hicks-Franklin appeals from the judgment of sentence of twenty to forty years of incarceration followed by one year of probation imposed after his conviction of third-degree murder and related charges. Counsel has filed an application to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant the petition to withdraw and affirm Appellant's judgment of sentence.

As summarized in our prior memorandum, the underlying case concerns Appellant stabbing Starleisha Smith to death on the evening of May 3, 2019. At the time of the incident, Appellant was living with his girlfriend, Emoni Ford. ***See*** N.T. Jury Trial, 2/12/21, at 50-51.  Starleisha was Emoni's best friend. The night before the stabbing, Emoni accidentally fell asleep at Starleisha's house while the two were spending time together.  When Emoni arrived home

around midnight, Appellant was upset, accused her of cheating on him, and the two had an argument that turned physical. *Id*. at 59-62.

The next day, Emoni left the residence while still wearing her pajamas and visited Starleisha. She told Starleisha about the fight the night before, and the two returned to Emoni's home so that she could change. *Id*. at 63-68. Appellant was home when Emoni arrived but the two did not talk. Emoni changed her clothes and went across the street to her grandmother's house with Starleisha. *Id*. at 79-80.

When Emoni's grandmother, Brenda McGhee, learned about the fight the night before, she walked across the street with Emoni and Starleisha to Emoni and Appellant's house. *Id*. at 80-81; N.T. Jury Trial, 2/16/21, at 9. Brenda yelled at Appellant in the living room. *See* N.T. Jury Trial, 2/12/21, at 84-87. Then, Starleisha and Appellant began to argue. Appellant said, "Bitch, I'm going to kill you" and Starleisha responded, "You ain't going to do shit." N.T. Jury Trial, 2/16/21, at 14. After that, Starleisha held her mace in her hand but did not use it. *See id*. at 14-15.

Brenda and Emoni ultimately pushed Starleisha out of the house, but Appellant pursued them outside with a kitchen knife. Appellant then stabbed Starleisha; she fell to the ground but was able to get up and keep moving away. Appellant continued to pursue them, stabbing Starleisha again. She tried to spray him with mace but ultimately collapsed, bleeding profusely, and could not get up. *See id*. at 15-19, 23; N.T. Jury Trial, 2/12/21, at 88-92, 95-96. Rescue efforts were unsuccessful, and she was pronounced dead at

the hospital. *Id*. at 158-62; N.T. Jury Trial, 2/16/21, at 97-104. Starleisha was stabbed on the right side of her abdomen and suffered a nearly immediate fatal stab wound to her heart that also perforated her diaphragm, liver, and stomach. *See* N.T. Jury Trial, 2/16/21, at 114-15, 117-19, 121, 126.

Based on the foregoing, Appellant was charged with criminal homicide, first-degree murder, possessing an instrument of crime ("PIC"), four counts of aggravated assault, and three counts each of recklessly endangering another person ("REAP") and terroristic threats. He proceeded to a jury trial from February 12 to February 18, 2021.[1] At its conclusion, the jury convicted Appellant of third-degree murder, PIC, terroristic threats, and two counts each of aggravated assault and REAP. On April 19, 2021, the trial court sentenced Appellant as indicated above. Appellant filed post-sentence motions, which the trial court denied. After having his appellate rights reinstated *nunc pro tunc*, this appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Counsel has filed both an **Anders** brief and a petition to withdraw.[2] Counsel seeking to withdraw pursuant to **Anders** must:

---

[1] During trial, the Commonwealth withdrew two counts of terroristic threats and two counts of aggravated assault.

[2] This is the second brief and petition to withdraw filed by counsel. This Court previously denied counsel's petition and directed counsel to rectify the inconsistencies in the issues raised between the brief and the petition to withdraw, include a summary of facts and citations to the record within the brief, and provide proof of proper service on Appellant of the letter and
*(Footnote Continued Next Page)*

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the appellant; and (3) advise the appellant that he or she has the right to retain private counsel or raise additional arguments that the appellant deems worthy of the court's attention.

*Commonwealth v. Redmond*, 273 A.3d 1247, 1252 (Pa.Super. 2022) (cleaned up). Our Supreme Court has further detailed counsel's duties as follows:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361. "Substantial compliance with these requirements is sufficient." *Commonwealth v. Prieto*, 206 A.3d 529, 533 (Pa.Super. 2019) (cleaned up). "If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions[.]" *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007) (cleaned up).

---

amended brief and petition to withdraw. *See Commonwealth v. Hicks-Franklin*, 829 WDA 2022, 2023 WL 4072900 (Pa.Super. filed June 20, 2023) (non-precedential decision). The matter is now again before this Court with counsel's revised filings. Appellant did not respond within the time allotted.

Here, while the brief lacks a summary of the facts, we nonetheless conclude that counsel has substantially complied with the technical requirements of *Anders*. Accordingly, we now "undertake our own review of the appeal to determine if it is wholly frivolous." *Wrecks*, *supra* at 721 (citation omitted). "If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief." *Id*. (cleaned up).

The sole issue of arguable merit levied by counsel is "[w]hether the [A]ppellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code[.]" *Anders* brief at 3. Such a claim implicates the discretionary aspects of Appellant's sentence. Thus, the following principles apply to our consideration of whether review of the merits of his issue is warranted.

"In reviewing a challenge to the discretionary aspects of sentencing, we evaluate the court's decision under an abuse of discretion standard." *Commonwealth v. Aulisio*, 253 A.3d 338, 344 (Pa.Super. 2021). First, though, an appellant must invoke our jurisdiction because "[a]n appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right." *Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa.Super. 2014). To determine whether an appellant has invoked our jurisdiction, we consider the following four factors:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id*.

Appellant has satisfied the first three requirements:  he filed a timely appeal, preserved the issue in a timely post-sentence motion, and counsel has included a Pa.R.A.P. 2119(f) statement within the *Anders* brief.  As to the fourth requirement, "an appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*).  The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Hyland*, 875 A.2d 1175, 1183 (Pa.Super. 2005).  A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either:  (1) inconsistent with a specific provision of the sentencing code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Id*.

In the *Anders* brief, counsel sets forth that the sentences imposed were within the standard range of the sentencing guidelines. *See Anders* brief at 4-6.  Nonetheless, Appellant contends that the sentence violates §§ 9721 and

9781 of the sentencing code.[3]  *Id*. at 6-7.  It is well-settled that "we do not

accept bald assertions of sentencing errors.  Rather, Appellant must support

_____

[3] These provisions provide in pertinent part as follows:

> **(b) General standards.--**In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for total confinement that is consistent with section 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.  The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for sentencing, resentencing and parole, risk assessment instrument and recommitment ranges following revocation).  In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences a person following revocation of probation or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. . . .

42 Pa.C.S. § 9721 (footnote omitted).

> **(c) Determination on appeal.--**The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> > (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
> >
> > (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

*(Footnote Continued Next Page)*

his assertions by articulating the way in which the court's actions violated the sentencing code." *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa.Super. 2006) (cleaned up).

Counsel believes that Appellant has not raised a substantial question and, indeed, does not elucidate how the trial court purportedly violated the sentencing code within the brief's Rule 2119(f) statement. However, the argument section clarifies that Appellant wishes to raise a claim that § 9721's objectives "could have been achieved without the imposition of such a lengthy sentence." *Anders* brief at 7-8. Appellant sought the imposition of a probation sentence and argued for a reduced sentence in his post-sentence motion because he "had no prior criminal record" and "Appellant was unaware he could make an apology to the victim's family." *Id*. at 8-9. Counsel asserts that the claim lacks merit as the trial court sentenced Appellant within the standard range of the sentencing guidelines and correctly considered the factors listed in § 9721(b). *Id*. at 10. In short, counsel believes the "sentence imposed was not outside the discretion of the court, nor was it manifestly

---

> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.
>
> . . . .

42 Pa.C.S. § 9781.

excessive, clearly unreasonable or inconsistent with the objectives of the Pennsylvania Sentencing Code." *Id*. at 10-11.

To the extent that Appellant's issue raises a substantial question, we agree with counsel that the discretionary aspects of sentencing claim cannot succeed on its merits. Before imposing sentence, the court indicated that it considered the statements of counsel and the individuals present on behalf of Starleisha. Appellant chose not to state anything on his own behalf. The court further noted that it examined Appellant's "age, background, criminal record, character, rehabilitative needs, nature, circumstances, and seriousness of the offense, the protection of the community, sentencing guidelines, impact of the crime on the victims, and . . . the pre-sentence report." N.T. Sentencing, 4/19/21, at 22.

> [O]bviously there's not just one victim here. It's not just Star, but also includes the many people who loved her and are here today and spoke on her behalf as well as her child, and I have to keep those people in mind when I fashion this sentence. As it was pointed out and I think both counsel agree, this was a senseless killing.
>
> There's just no way a dispute like this should end with a knife plunged deep into a young woman's heart. It just didn't rise to that type [of] level. Not saying it never would, but certainly not in this situation, and no matter what sentence I give [Appellant], he will likely be out some day, but that is not the same for Star.
>
> So with those facts in mind, what I'm going to do is count one, which is the homicide, I am going to sentence [Appellant] to 20 to 40 years. . . . Count three merges. Count six merges. Count seven, the possession of an instrument of crime, I will sentence him to one year probation. That will be consecutive, and it will be state supervised.

Count nine, reckless endangerment, I will sentence him to six to twelve months. I will run that concurrent with count one. Count 11, terroristic threats, I am going to sentence him to six to twelve months. That will be concurrent with count one[.]

*Id*. at 22-24. We discern no abuse of discretion on the trial court's part in fashioning this sentence after considering the requisite sentencing factors.

Finally, our "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed no additional issues counsel failed to address. *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*). Thus, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Application of Emily M. Merski, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2023