J-S44030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: M.Z., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: F.Z., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1316 EDA 2024 |

Appeal from the Order Entered April 15, 2024
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0000761-2022

| | | |
|---|---|---|
| IN THE INTEREST OF: I.Z.-L., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: F.Z., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1317 EDA 2024 |

Appeal from the Order Entered April 15, 2024
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0000762-2022

BEFORE:  NICHOLS, J., MURRAY, J., and LANE, J.

MEMORANDUM BY MURRAY, J.:                    **FILED DECEMBER 18, 2024**

F.Z. (Father) appeals from the orders terminating court supervision of M.Z. (a daughter born October 2010) and I.Z.-L. (a daughter born December 2013) (collectively, Children), and discharging the Philadelphia Department of Human Services' (DHS) temporary legal and physical custody of Children.  In addition, Father's counsel, James W. Martin, Esquire (Counsel), has filed an

***Anders***[1] brief and petition for leave to withdraw from representation. After careful review, we grant Counsel's petition to withdraw and affirm the juvenile court's orders.

On August 29, 2022, DHS filed identical petitions requesting the juvenile court find Children dependent. Dependency Petitions, 8/29/22, at 4 (unpaginated). The dependency petitions averred that Father 1) was physically and verbally abusive to Children and their biological mother, K.L. (Mother);[2] 2) consistently abused alcohol; and 3) failed to care for the welfare of Children. ***Id.*** at 1-3 (unpaginated).

On March 2, 2023, following a hearing, the juvenile court adjudicated Children dependent and ordered Children under the protective supervision of DHS. Counsel represented Father at the dependency hearing, and all subsequent hearings. At the conclusion of the dependency hearing, the juvenile court directed that Children reside with Mother in the home of P.E., maternal grandmother (Grandmother). Orders, 3/2/23, at 1-2. Additionally, the juvenile court directed Mother and Father to complete court-ordered goals, which are not pertinent to our disposition. ***See id.*** at 2.

---

[1] ***Anders v. California***, 386 U.S. 738 (1967); ***see also In re S.M.B.***, 856 A.2d 1235, 1237 (Pa. Super. 2004) (explaining that the ***Anders*** procedure for withdrawal of court-appointed counsel has been extended to appeals involving termination of parental rights).

[2] Mother is not a party to the instant appeal.

The juvenile court conducted seven permanency review hearings, which occurred in May, August, September, October, and December 2023; and January and April 2024. Beginning September 1, 2023, the juvenile court ordered supervised visitation with Father to occur **at the discretion of Children**. *See* Order, 9/1/23. On December 1, 2023, the juvenile court transferred physical and legal custody of Children to Grandmother. *See* Order, 12/1/23. On January 30, 2024, the juvenile court awarded unsubsidized permanent legal custody to Grandmother. *See* Order, 1/30/24. Father did not appeal any of these orders.

Pertinently, on April 15, 2024, the juvenile court conducted a final permanency review hearing (review hearing) to determine whether termination of court supervision was appropriate.[3] Father attended the review hearing, represented by Counsel.

At the review hearing, DHS called Community Umbrella Agency supervisor Tymeya Thompson (Ms. Thompson) to testify concerning her supervision of Children in Grandmother's home. Ms. Thompson testified she had most recently seen Children on April 12, 2024, and confirmed Grandmother was meeting Children's physical, educational, medical, and emotional needs. N.T., 4/15/24, at 7. Ms. Thompson further confirmed that Children did not wish to have any contact with Father at that time, but that

---

[3] A Spanish language interpreter translated the proceedings. *See* N.T., 4/15/24, at 6.

Grandmother was willing to arrange for visitation if Children so desired.  ***Id.*** at 9-10.

Next, Father testified, confirming he understood 1) the purpose of the review hearing, and 2) how to file for visitation with Children should the juvenile court terminate court supervision.  ***Id.*** at 14.

At the conclusion of the review hearing, the juvenile court discharged the dependency petitions and terminated court supervision of Children.  ***Id.*** at 16; ***see also*** Orders, 4/15/24, at 1 (terminating DHS's physical and legal custody of Children).   Father, *pro se*, timely appealed[4] and filed contemporaneous, purported, Pa.R.A.P. 1925(a)(2)(i) concise statements of errors complained of on appeal.  Father's concise statements were identical, in narrative form, and provided as follows: "Because [Counsel] felt that I did not represent me. [*sic*]   They were also sent as a social worker. [*sic*]

_____

[4] In dependency matters, "[a]n order granting or denying a status change, as well as an order terminating or preserving parental rights, shall be deemed final when entered."  ***Int. of Z.B.***, 315 A.3d 153, 159 (Pa. Super. 2024) (quoting ***In re H.S.W.C.-B***, 836 A.2d 908, 911 (Pa. 2003)); ***see also*** Pa.R.A.P. 341(a) ("[A]n appeal may be taken as of right from any final order of a governmental unit or trial court.").

Further, while hybrid representation is generally impermissible, a represented party may file, *pro se*, a notice of appeal.  ***See*** Pa.R.A.P. 121(g) ("Where there is counsel of record, a party may file only the following documents *pro se*: (i) a notice of appeal…."); ***S.C.B. v. J.S.B.***, 218 A.3d 905, 911 n.4 (Pa. Super. 2019) ("[*P*]*ro se* notices of appeal filed by represented appellants are distinguishable from other forms of hybrid representation, because they protect the appellants' right to appeal as set forth in the Pennsylvania Constitution.").

Furthermore, in three years[,] I only saw [Children] on a few occasions."
Concise Statements, 5/15/24, at 2.

On June 3, 2024, this Court consolidated Father's appeals *sua sponte*.
That same date, we issued an order directing Counsel to 1) file amended
concise statements, 2) serve copies of the amended concise statements on
the juvenile court, and 3) notify this Court of Counsel's compliance no later
than June 13, 2024. Order, 6/3/24. On June 25, 2024, receiving no response
from Counsel, we issued an order directing Counsel to 1) file the amended
concise statements in the juvenile court no later than July 5, 2024, or 2) show
cause as to why Counsel should not be found to have abandoned Father.
Order, 6/25/24. On July 5, 2024, Counsel complied.[5]

On August 16, 2024, the juvenile court filed an opinion pursuant to
Pa.R.A.P. 1925(a). On September 18, 2024, Counsel filed a petition to
withdraw and **Anders** brief in this Court. Father did not file a response.

We first address Counsel's petition to withdraw. **See In re S.M.B.**, 856
A.2d at 1237 (stating "this Court may not review the merits of the underlying
issues until we address counsel's request to withdraw").

---

[5] Father failed to file contemporaneously a proper concise statement with his
notice of appeal, in contravention of Pa.R.A.P. 1925(a)(2)(i). However,
because Counsel rectified the deficiency and no party alleges prejudice, we
decline to quash or dismiss the instant appeal. **See Hunt v. Vardaro**, 317
A.3d 1046, 1049 n.2 (Pa. Super. 2024) (declining to quash an appellant's
appeal for failure to concurrently file a concise statement with his notice of
appeal, where opposing party did not claim prejudice).

To withdraw pursuant to **Anders**, counsel must:

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [**Anders**] brief to the [appellant]; and 3) advise the [appellant] that he [] has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

**Commonwealth v. Redmond**, 273 A.3d 1247, 1252 (Pa. Super. 2022) (quoting **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*)). As to counsel's duty to inform an appellant of his rights in light of counsel's proposed withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." **Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005).

Additionally, an **Anders** brief must:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). "Substantial compliance with the **Anders** requirements is sufficient." **Redmond**, 273 A.3d at 1252 (citation omitted).

Here, Counsel states that he "has made a conscientious examination of the record, the controlling case law and the applicable statutes[,] and has

concluded that the record does not support this appeal." ***Anders*** Brief at 10; ***see also id.*** at 9 (Counsel opining the appeal is "frivolous"). Counsel avers that he provided Father with a copy of the ***Anders*** brief, and attached to his petition to withdraw a letter he mailed to Father explaining Father's rights. Petition to Withdraw, 9/18/24, at 1 (renumbered); ***see also id.***, Attachment. Counsel's letter complies with the law, as it informs Father that he may retain new counsel or proceed *pro se*, and "raise any arguments that [Father] deem[s] worthy of the Court's attention …." Petition to Withdraw, 9/18/24, Attachment; ***see also Redmond***, 273 A.3d at 1252.

In addition, Counsel's ***Anders*** brief summarizes the facts and procedural history, identifies issues which could arguably support Father's appeal, and details Counsel's assessment of why the issues are frivolous, with citations to the record and relevant legal authority. As Counsel has complied with ***Anders***, we review the issues presented in the ***Anders*** brief. We also "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015); ***see also Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*) (describing our duty as a "simple review of the record to ascertain if there appears … to be arguably meritorious issues that counsel, intentionally or not, missed or misstated").

In his statement of questions presented, Counsel quotes Father's *pro se* concise statement, detailed above. **See *Anders*** Brief at 5. Counsel restates Father's claims, in the amended concise statements, as follows:

1. Father indicates that he has not had regular visitation with [] Children. Father has only seen [] Children a few times while the [d]ependency cases were open.

2. Father indicates that [Counsel] was ineffective in representing him during the hearing[].

Amended Concise Statements, 7/5/24, at 1 (unpaginated).

Our standard of review of "orders terminating court supervision" is well-settled:

[T]he standard of review in dependency cases requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept the lower court's inferences or conclusions of law. Accordingly, we review for an abuse of discretion.

***Interest of T.M.***, 239 A.3d 193, 200 (Pa. Super. 2020) (citation omitted).

The Juvenile Act authorizes a court to

transfer permanent legal custody to an individual resident in or outside this Commonwealth, including any relative, who, after study by the probation officer or other person or agency designated by the court, is found by the court to be qualified to receive and care for the child. A court order under this paragraph may set forth the temporary visitation rights of the parents. **The court shall refer issues related to support and continuing visitation by the parent to the section of the court of common pleas that regularly determines support and visitation**.

42 Pa.C.S.A. § 6351(a)(2.1) (emphasis added).

Concerning the termination of court supervision, the Pennsylvania Rules of Juvenile Court Procedure provide that a court or a party "may move for the termination of supervision when court-ordered services from the county agency are no longer needed and … the child has been placed in the custody of a permanent legal custodian …." Pa.R.J.C.P. 1631(a)(5) (numbering and paragraph breaks omitted). If a party objects to a motion to terminate court supervision, the juvenile court "shall hold a hearing and give each party an opportunity to be heard before the court enters its final order." *Id.* 1631(d).

In his first issue, Father vaguely claims "he has not [been permitted] regular visitation with [] Children." *Anders* Brief at 11.

At the April 15, 2024, review hearing, the following exchange took place between Counsel and Father concerning his visitation rights:

Q. [Counsel:] … [Y]ou're still interested in having visitation with [Children]? Is that right?

A. [Father:] Yes.

Q. And you heard from [Ms. Thompson] that [she] specifically asked [C]hildren whether or not they wanted to have contact with you[,] and they indicated that they do not[?]

A. Yes.

Q. And you also heard that [G]randmother indicated that if [Children] changed their mind, she will make outreach to you so that you can see [C]hildren[?]

A. Yes.

Q. [DHS] might be requesting a discharge of this case today[,] and if you go to the eleventh floor you can go to domestic relations and you can file for visitation if you want[?]

- 9 -

A. Yes. That's fine.

Q. But as the order stands right now, it's going to be visitation at [C]hildren's discretion[?]

A. Yes.

N.T., 4/15/24, at 11.

In its Pa.R.A.P. 1925(a) opinion, the juvenile court observed that the orders terminating court supervision as to Children did not implicate Father's visitation rights:

> It is important to note that Father does not seek to appeal [the substance of the o]rder that this court issued on April 15, 2024. Father simply complains that from the time the proceedings were initiated to the date on which they were terminated, he did not get to visit with [C]hildren as often as he would have liked ….
>
> [Father's] complaint regarding visitation is an unappealable issue under the circumstances in which it has been raised. The issue is certainly not properly raised after close to two years of dependency proceedings and almost three months after permanent legal custody was awarded to [G]randmother. No order regarding visitation had been issued by this court within thirty days of the filing of Father's notice of appeal.

Juvenile Court Opinion, 8/16/24, at 2-3. We agree with the sound reasoning of the juvenile court.

At the review hearing, Father confirmed he understood his right to pursue visitation consistent with 42 Pa.C.S.A. § 6351(a)(2.1). This gratuitous exchange, however, did not alter the purpose of the review hearing, which was to determine whether DHS had satisfied the requirements of Pa.R.J.C.P. 1631(a)(5). If, as is apparent from his *pro se* concise statements, Father

wished to challenge the juvenile court's visitation decisions, he was required to timely appeal from a relevant order. *See* Pa.R.A.P. 1925(a)(2). Father's belated dissatisfaction with prior orders of court does not expand our scope of review beyond whether the juvenile court erred in terminating court supervision of Children. Accordingly, Father's first issue merits no relief and is frivolous.

In his final issue, Father baldly contends that Counsel was ineffective. *See Anders* Brief at 12 ("Father seems to argue that [Counsel] was ineffective.").

"It is well-settled that there exists in parents a right to counsel in dependency cases." *In re N.B.*, 817 A.2d 530, 535 (Pa. Super. 2003) (citing 42 Pa.C.S.A. § 6337 (Right to counsel)). "This right to counsel has also been expressed as a right to effective assistance of counsel, such that the denial of effective assistance is tantamount to having proceeded with no counsel at all." *Id.* (citation omitted). However,

> in the context of a dependency proceeding, before counsel can be deemed ineffective, … the appellant must make a *strong showing* of ineffectiveness of counsel. Under this heightened test the parent must come forward with evidence that indicates to a high degree of likelihood that but for an unprofessional error on the part of counsel, the child would not have been found to be dependent.
>
> This heightened standard reflects the fact that a finding of dependency does not constitute a deprivation of liberty as does a sentence of imprisonment in a criminal setting. It also reflects the reality that it is of paramount importance in a child's life to have decisions about the child's status and placement be final, and not

subject to challenge absent a strong showing of ineffectiveness on the part of counsel. …

*In re S.M.*, 614 A.2d 312, 316 (Pa. Super. 1992) (emphasis in original); *see also In re K.D.*, 871 A.2d 823, 829 (Pa. Super. 2005) (interpreting the above-quoted text as establishing that an appellant alleging ineffective assistance of counsel in a dependency proceeding "must show by clear and convincing evidence that it is more likely than not that the result would have been different, absent the ineffectiveness[.]").

Further, in considering claims of ineffective assistance of counsel in termination of parental rights cases, we have recognized that

> this right is more limited than that in criminal cases, as claims of ineffective assistance of counsel must be raised on direct appeal. We then review the record as a whole to determine whether or not the parties received a fundamentally fair hearing; a finding that counsel was ineffective is made only if the parent demonstrates that counsel's ineffectiveness was the cause of the decree of termination.

*In re J.T.*, 983 A.2d 771, 774-75 (Pa. Super. 2009) (quotation marks and citations omitted); *see also In re K.D.*, 871 A.2d at 829 (holding the standards applicable to dependency and termination cases are the same).

> Mere assertion of ineffectiveness of counsel is not the basis of a remand or rehearing, and despite a finding of ineffectiveness on one or more aspects of the case, if the result would unlikely have been different despite a more perfect stewardship, the decree must stand.

*In re K.D.*, 871 A.2d at 828 (citation omitted).

Here, in its Pa.R.A.P. 1925(a) opinion, the juvenile court stated:

[C]onsidering the vague manner in which the issue of effectiveness of [C]ounsel was raised, the record for the date on which the appealed order was issued, and the legal standard for a finding of ineffective assistance of counsel, [] this issue [] is without merit.

Juvenile Court Opinion, 8/16/24, at 4.

We agree. Father's bald assertion of ineffectiveness falls well short of the "strong showing" he must make in order to establish that there was a "high likelihood" Counsel's stewardship was the "but for" cause of the juvenile court's decision to terminate court supervision. *In re S.M.*, 614 A.2d at 316. When called to testify at the review hearing, Father merely acknowledged the purpose of the hearing, and confirmed that he understood the manner in which he could file for visitation if he wished to do so. *See* N.T., 4/15/24, at 11. At no point did Father voice any concerns about the termination of court supervision or Counsel's advocacy. Accordingly, Father's second issue merits no relief and is frivolous.

Finally, our independent examination of the record indicates that there are no other non-frivolous claims that Father can raise. *See Flowers*, 113 A.3d at 1250. We agree with Counsel's assessment that Father's appeal is frivolous, and grant Counsel permission to withdraw from his representation of Father.

Application to withdraw granted. Orders affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/18/2024