J-S40044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY JACKSON | : | |
| | : | |
| Appellant | : | No. 1810 MDA 2024 |

Appeal from the Judgment of Sentence Entered November 4, 2024
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000058-2022

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                **FILED: DECEMBER 17, 2025**

Gregory Jackson (Appellant) appeals from the judgment of sentence entered following his open *nolo contendere* plea to one count each of simple assault (second-degree misdemeanor (M2)) and simple assault – mutual combat (third-degree misdemeanor (M3)).  Appellant's counsel, Howard B. Gold, Esquire (Counsel), has filed an application to withdraw from his representation of Appellant, and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful consideration, we grant Counsel's application to withdraw and affirm Appellant's judgment of sentence.

The Commonwealth stated the factual basis for Appellant's plea at the June 11, 2024, plea hearing:

> [For his M3 charge of simple assault,] the Commonwealth will prove that Appellant] was at Robert Packer Hospital in Sayre,

Pennsylvania, … on October [] 17th, 2021. [Appellant] did intentionally cause bodily injury … to [emergency services technician] Patrick Madigan [(Mr. Madigan),] while [Mr. Madigan] was [acting] in the performance of his duty[,] in that [Appellant] bit [Mr. Madigan] in the left … inner forearm while he was being treated. [For his M2 charge of simple assault], the Commonwealth will prove that … at Robert Packer Hospital[,] … on October 17th, 2021, [Appellant] did knowingly or recklessly get into a scuffle with Tim Shaw [(Mr. Shaw)] and that [Appellant] did … punch and spit [on] Mr. Shaw.

N.T., 6/11/24, at 3.

On November 4, 2024, the trial court sentenced Appellant to 3-12 months' incarceration for his M2 simple assault conviction, and a consecutive 12 months' probation for his M3 simple assault conviction. Appellant timely filed a notice of appeal, after which the trial court appointed Counsel to represent Appellant. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Before addressing the issue raised by Appellant, we first address Counsel's application to withdraw. When faced with an *Anders* brief, we may not review the merits of the underlying issues, or allow counsel to withdraw, without first evaluating whether counsel has complied with all requirements set forth in *Anders* and *Santiago*. *Commonwealth v. Yorgey*, 188 A.3d 1190, 1195 (Pa. Super. 2018).

Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

*Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007) (citations omitted).

> Additionally,

> the *Anders* brief that accompanies court-appointed counsel's petition to withdraw ... must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Substantial compliance with the *Anders* and *Santiago* requirements is sufficient. *Commonwealth v. Redmond*, 273 A.3d 1247, 1252 (Pa. Super. 2022). If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the record to determine whether there are any non-frivolous issues that the appellant could raise on appeal. *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Our review confirms that Counsel has complied with the above-listed requirements. Counsel filed an application to withdraw and an *Anders* brief, concluding that the appeal is wholly frivolous. *See* Application to Withdraw, 7/28/25; *Anders* Brief at 16. Upon the direction of this Court, Counsel provided this Court with the letter he sent to Appellant, informing Appellant

- 3 -

of his intention to withdraw, advising Appellant of his right to proceed *pro se* or to retain new counsel and raise any additional issues.[1] **See** Letter, 7/29/25; Letter, 9/24/25. Counsel additionally provided Appellant with a copy of the **Anders** brief and Counsel's application to withdraw.

In his **Anders** brief, Counsel provided a summary of the procedural history and facts. **Anders** Brief at 8-9. Counsel states that he made a thorough review of the record and found "no issue that merits appeal to this Court[,]" and that the appeal is frivolous. **Id.** at 11, 18. Accordingly, we conclude that Counsel has substantially complied with the procedural requirements for withdrawing from representation. **See Santiago**, 978 A.2d at 361; **Woods**, 939 A.2d at 898.

We thus turn our attention to the issue identified in the **Anders** brief:

> Whether the sentencing court abused its discretion in sentencing [] Appellant to a period of incarceration, specifically three to 12 months, when [] Appellant provided and argued mitigating factors?

**Anders** Brief at 7.

Appellant challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an

---

[1] Counsel has complied with this Court's September 23, 2025, order requiring Counsel to serve on Appellant "a letter advising him of his non-contingent right to proceed *pro se* or with privately retained counsel[.]" Order, 9/23/25. Counsel has filed with our Prothonotary seven copies of the letter, with proof of the letter's service on Appellant. **See** Counsel's Response, 8/8/25; Counsel's Response, 9/26/25.

appellant to review as of right." ***Commonwealth v. Derry***, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). "[A]n appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test." ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super 2015).

> We conduct a four-part analysis to determine: (1) whether [A]ppellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether [A]ppellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** (quoting ***Commonwealth v. Prisk***, 13 A.3d 526, 532 (Pa. Super. 2011)).

Instantly, our review discloses that Appellant timely filed his notice of appeal. However, Appellant failed to preserve his issue at sentencing or in a post-sentence motion. For this reason, Appellant has failed to invoke this court's jurisdiction to review his discretionary sentencing challenge. ***See Leatherby***, 116 A.3d at 83. Thus, we agree with Counsel's assessment that the appeal is without merit and frivolous.

Although Appellant failed to preserve his sentencing challenge, we will address Appellant's challenge as part of our independent review for non-frivolous issues. ***See Dempster***, 187 A.3d at 272. The standard by which we review discretionary sentencing challenges is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse

of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Wallace***, 244 A.3d 1261, 1278-79 (Pa. Super. 2021) (citation and brackets omitted). Appellate courts may not reweigh the factors considered by the trial court when imposing sentence. ***Commonwealth v. Snyder***, 289 A.3d 1121, 1126-27 (Pa. Super. 2021). Moreover, where the sentencing court has the benefit of a presentence investigation report (PSI), we presume that the judge was "aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Wallace***, 244 A.3d at 1279 (citations and quotation marks omitted).

Appellant claims the trial court failed to consider his rehabilitative needs and mitigating evidence when imposing its sentence. ***Anders*** Brief at 14. However, our review of the record discloses that the sentencing court had the benefit of a PSI. ***See*** N.T., 11/4/24, at 3 (wherein the trial court stated it considered the PSI and the sentencing guidelines forms). Further, our review of the notes of testimony from the sentencing hearing discloses that Counsel detailed Appellant's work history, his mental health and sobriety difficulties, and his current mental health/sobriety treatment status. ***See id.*** at 6-8 (Counsel explaining Appellant's mitigating sentencing factors), 8-10 (Appellant's employer testifying about Appellant's mental health

improvements and that Appellant "is taking responsibility" for his actions); 11 (Appellant testifying that he did not recall the incident, "I just know I fell off a bridge and I hit my head and I was knocked unconscious and I got to the hospital and they medicated me immediately[,] and that like an hour and a half later, they said I reacted and they put me in jail.").

Upon consideration of the PSI, the guidelines, Appellant's criminal history, and the testimony, the trial court imposed an incarcerative sentence in the bottom of the mitigated range of sentences. Even if Appellant had preserved his sentencing challenge, we discern no abuse of the trial court's discretion in sentencing Appellant. Thus, we would again agree with Counsel that the appeal lacks merit and is frivolous.

Finally, our independent review discloses no non-frivolous issues that could be raised by Appellant. We therefore grant Counsel's application to withdraw, and affirm Appellant's judgment of sentence.

Application to withdraw granted. Judgment of sentence affirmed. Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/17/2025

- 7 -